Wheeler, J.
The act prescribing the mode of trying the right of property levied on by virtue of an execution (Acts of 1848, pp. 140, 141, sec. 3) provides that “if the property claimed was taken from the, possession of the claimant, then the burden of proof shall be upon the plaintiff' in the original execution;” * * * “but if the property so claimed was taken from the possession of any other person than snob claimant, then the burden'of proof shall be upon such claimant.” The return of the sheriff showed that tiro property in question was taken from.the possession of the defendant in execution. The ruling.of the court, therefore, appears to have been in accordance with the express direction of the statute. It was manifestly correct for the further reason that the law creates a presumption that all property holden by husband and wife is common property and subject to payment of the debts of the husband, and the burden of proof to repel that presumption and show' that it was her separate property devolved upon the wife. (7 Mart. R., 302; 1 La. R.. 200.)
It is objected that the judgment is erroneous as against the sureties upon the bond, in giving damages when the bond was not conditioned for the payment of damages. The sureties have not joined in the appeal. And as there is no error in the judgment against the appellant,, it must be affirmed. (Ante, 248.)
Judgment affirmed.