## SAM. S. SMITH v. BROWNSON & CO.

### (Case No. 4137.)

1. SEPARATE PROPERTY — CONTRACT.— No decree can be rendered in a proceeding based on a promissory note executed jointly by the husband and wife, subjecting her separate estate to forced sale, in the absence of averments and proof that the obligation was incurred for necessaries for the wife and family or for her separate estate.

2. SAME — JUDGMENT.— In such a proceeding, the failure to render a general judgment against the wife, is not error to the injury of a surety on the note of which he can complain.

3. JUDGMENT — PRACTICE —ATTORNEY'S FEES.— See statement and opinion for case in which objection to a judgment for ten per cent. attorney's fees against the obligors in a promissory note, came too late when made for the first time after appeal.

ERROR from Bexar. Tried below before the Hon. George H. Noonan.

Suit by appellees Brownson & Co. upon a promissory note made by Wm. P. Graves, Louisa Graves, R. L. Graves, E. G. Graves and Sam. S. Smith — the last being the plaintiff in error,— and delivered to Brownson & Co., for the sum of $664.72, with twelve per cent. interest, and ten per cent. attorney's fee, which the makers also agreed to pay, "should judicial proceedings be used in collecting."

The note was signed by "Louisa Graves per Wm. Graves, attorney in fact."

The first answer was a general denial, signed by Wm. P. Graves, attorney for defendants, and filed June 6, 1878.

Sam. S. Smith, on October 22, 1878, filed an answer, alleging that he signed the note as surety, and that plaintiff knew this fact. He asked that, in case judgment be rendered for the plaintiff, the sheriff be directed to levy execution first upon the other defendants, principals, etc., as the law provides.

On the 18th of November, 1878, R. L. and E. G. Graves, by an amended answer, alleged that the promissory note declared on is null and void, because Louisa Graves, the principal

debtor, was a married woman, and was so at and before the time of the execution and delivery of the note; that her privy acknowledgment had not been taken; that they were sureties only, and that the clause of tēn per cent. attorney's fees was illegal because it was a conditional exaction of usurious interest — the rate of interest contracted for being already as high as twelve per cent.

On the same day R. L. and E. G. Graves filed an exception to the substituted petition of plaintiff, upon which exceptions no action was asked of, or taken by, the court.

It was shown that Louisa Graves was, at and before the execution of the note, the wife of the defendant Wm. P. Graves. A trial was had before the court, no jury being demanded, which resulted in judgment for plaintiff against all the defendants except Louisa Graves. The suretyship of Sam. S. Smith was recognized, and the judgment rendered accordingly under the law on that subject. "And it appearing to the court that Louisa Graves is the wife of the defendant W. P. Graves, and there being no evidence that the sum mentioned in the promissory note sued upon was used for her benefit or the benefit of her separate estate, she, the said Louisa, is hereby dismissed with her costs."

To this judgment the plaintiff in error, Sam. S. Smith, sued out his writ of error, under which he brought the case up.

*C. K. Breneman* for plaintiff in error.

I. The plea of coverture is a personal privilege and could be pleaded only by Louisa Graves, the married woman, herself, or perhaps by her husband, Wm. P. Graves, for her. It appears that all but Louisa Graves and Wm. P. Graves were sureties, and that the latter were married before and at the time of the execution of the note, and still are man and wife.

II. Sam S. Smith, as the surety of Louisa Graves, was injured by the dismissal of plaintiff as to her, and consequently has a right to complain of the action of the court.

III. Inasmuch as Louisa Graves did not plead her coverture

in abatement, it will be presumed either that she had by proper power authorized her husband, Wm. P. Graves, to sign her name to the note to cover an indebtedness incurred for the benefit of her separate property, or that the contract, for some good reason, was legally binding upon her. The statute requires that suit shall be brought against the principal at the same time that it is begun against the surety, and, by the dismissal as to Louisa Graves, the surety, Sam S. Smith, has been deprived of his remedy against the only solvent principal.

IV. There is no evidence to support the judgment, in so far as it decrees the recovery of ten per cent. attorney's fees. There must be proof to sustain such a demand, and the court must find further evidence that the amount of ten per cent. is reasonable, just and due.

*Wœlder & Upson* for defendant in error.

I. No judgment can be rendered against a married woman, to be made out of her separate property, unless she herself has contracted the indebtedness sued upon for necessaries for herself and family, or for the benefit of her separate property or estate. The note in this suit is simply signed by Louisa Graves, per Wm. P. Graves, attorney in fact.

II. Error cannot be presented for the first time in this court, without previous objection in the court below and without assignment of error. The defendants in the suit contracted to pay ten per cent. as an attorney's fee, in case the collection of the note should have to be enforced by means of judicial proceedings, and the plaintiff in error, as well as the other defendants, is bound by this contract.

GOULD, ASSOCIATE JUSTICE.— As the judgment against Wm. P. Graves binds the community estate of himself and wife, the only question presented by the assignment of errors is the failure to enter up a decree subjecting the separate property of the wife, Louisa Graves.

There was nothing in the pleadings of the plaintiffs, or of

any of the defendants who were sureties of Wm. P. Graves and Louisa Graves on the note, to authorize a decree subjecting her separate estate. The failure to render such a decree was not error, and the failure to render a general judgment against her was not error to the injury of Smith.

No question as to that part of the judgment which is for ten per cent. attorney's fee was made below by plaintiff in error, and his objection to that part of the judgment need not now be considered.

The judgment is affirmed.

AFFIRMED.

[Opinion filed April 1, 1880.]