### P. A. SWINK v. J. C. LEAGUE.

#### No. 319.

1. **Community Property — Deed to Wife — Presumption.**—Where during coverture a deed is executed to either of the spouses, it is presumed to vest the title in the community, and this presumption obtains unless the deed expressly or by necessary implication limits the title conveyed to the separate use of the one named as grantee therein.

2. **Same—Recitals not Importing Gift to Wife.**—Recitals in a deed showing only that B. paid for the land, and that at his request the grantors executed the conveyance to C. S. (wife of E. S.), do not import a gift to the wife so as to change the legal presumption that the title is vested in the community.

APPEAL from Callahan.   Tried below before Hon. T. H. CONNER.

*B. R. Webb*, for appellant.—Where a deed, such as that of the trustees·
to Caroline Schwartz, is made upon a valuable consideration in property
and money paid to the grantors by a party therein named, the mere fact
that it is, at the request of such party, executed to another or third party,
then a married woman, as grantee, does not prima facie and in the absence
of any recital to that effect in the deed, make it a deed of gift, or raise a
presumption that her separate means paid for the land, or change the legal
presumption that it is community property; and the deed of the husband
alone, during coverture, will convey the title, and is admissible in evidence
for the purpose of showing title.    Rev. Stats., art. 2852; Higgins v. John-
son, 20 Texas, 389; Sanborn v. Schuler, 23 S. W. Rep., 641; Kirk v. Navi-
gation Co., 49 Texas, 215; Edwards v. Brown, 68 Texas, 329; Wallace v.
Campbell, 54 Texas, 87, 89; Cook v. Bremond, 27 Texas, 457; French v.
Strumberg, 52 Texas, 92, 109; Upton v. Cline, 56 Texas, 319; Heidenheimer
v. McKeen, 63 Texas, 229; Stanley v. Epperson, 45 Texas, 645; Parker v.
Cook, 60 Texas, 111.

*D. G. Hunt*, for appellee.—1.    When a conveyance of land, purchased
with the community funds or the separate funds of the husband, is made
to the wife, the presumption, as between husband and wife and all others
not claiming as bona fide purchasers, is that the conveyance was intended
as a gift to her; but if no part of the common property enters into the con-
sideration, a different rule obtains.    Rev. Stats., art. 2857.

2.    A gift is the transfer of the title to property to one who receives
without paying for it.    Am. and Eng. Encycl. of Law, 1309.

TARLTON, Chief Justice.—A proper disposition of this appeal re-
quires that we consider but one of many interesting questions presented.
The action is one of trespass to try title, wherein appellee was awarded
against appellant a recovery for 320 acres of land, survey number 311,
in Callahan County.

The tract was originally the property of the Southern Pacific Railway
Company.    On August 7, 1860, that corporation conveyed it, among
many other surveys, to Hall, Pope, and Scott, as trustees.    This convey-
ance provides, that the sections therein described, 400 in number, should
be distributed pro rata by the trustees named among certain creditors of
the corporation, whose names, with the amounts of their respective claims,
were set forth in a schedule attached to the instrument.    This schedule
named E. A. Blanche as a creditor in the sum of several thousand dollars.

On November 24, 1864, the trustees, Hall, Pope, and Scott, executed
a deed to one Caroline Schwartz, reciting the execution to them of the
prior deed of August 7, 1860; that the trustees have ascertained by cal-
culation the amount of land due thereunder to each beneficiary, and that
it appears that E. A. Blanche is entitled to a part of the lands; wherefore

the trustees, " in consideration of the premises, and the further consideration of $5 to us in hand paid by said E. A. Blanche, and at his request, have this day bargained, sold, and conveyed, and do by these presents bargain, sell, and convey to Caroline Schwartz the following described tracts of land, to-wit, * * * [including the section in controversy] * * * to have and to hold the said premises as above described, unto the said Caroline Schwartz, her heirs and assigns forever."

At the date of this deed, and for many years thereafter, Caroline Schwartz was the wife of Ezekiel Schwartz. This instrument was a muniment in defendant's chain of title. As such it was offered in evidence, and was rejected by the court, on the ground that it appears upon its face to have vested the title of the land in Caroline Schwartz as separate and not as community property. The record places it beyond question, that if this view entertained by the trial court be erroneous, the judgment must be reversed.

The question, then, is whether the deed to Caroline Schwartz, adjudged alone by its recitals, shows the land to be the separate property of the wife, Caroline, or the community property of herself and her husband, Ezekiel.

We are of opinion, that upon its face the deed is to be viewed as vesting the title to the land in the community, and not in the separate right of the wife, and that the court erred in holding to the contrary. The court evidently regarded the recitals in the deed as importing a gift to the wife. When during coverture a conveyance is executed to either of the spouses, whether in the name of the husband or the wife, it is presumed to vest the title in the community. Higgins v. Johnson, 20 Texas, 389; McDaniel v. Weiss, 53 Texas, 259; Parker v. Coop, 60 Texas, 111. The fact that the consideration named in the deed is nominal only is not sufficient to rebut the presumption. Wedel v. Harmon, 59 Cal., 516. We think that this presumption should obtain unless the deed expressly or by necessary implication limits the title conveyed to the separate use of one of the spouses. In this instrument we find no recitals expressing or indicating such limitation.

We are thus constrained to reverse the judgment and remand the cause, and so order.

*Reversed and remanded.*

Delivered February 13, 1894.