## N. L. CLARDY AND WIFE v. H. S. WILSON.

### Decided June 1, 1901.

**1.—Trespass to Try Title—Pleading—Evidence—Fraudulent Conveyance.**

Where in trespass to try title the defendants, who were husband and wife and who had pleaded only the general issue of not guilty, offered in evidence a deed by the husband to the wife to show title to the property in her as her separate estate, such deed could be attacked as fraudulent, although fraud was not specially pleaded by the plaintiff.

**2.—Community and Separate Estate—Deed to Husband or Wife—Presumption— Recital—Burden of Proof.**

A deed to the husband or the wife during coverture is presumed to be for the benefit of the community, unless it is expressly recited therein that the consideration was paid with separate funds of the one or the other, and in the absence of such recitals the burden is on the one claiming separate rights to the property to prove that his or her separate means paid for it.

**3.—New Trial—Newly Discovered Evidence—Diligence.**

A new trial sought on the ground of newly discovered evidence is properly refused where no diligence to obtain the evidence is made to appear.

**4.—Same—Defendant as Witness.**

It is not ground for new trial that the husband, who was one of the defendants, was not placed on the stand to testify because defendants thought that plaintiff would introduce him as a witness, and further thought their case was sufficiently proved up without him.

Appeal from Johnson. Tried below before Hon. J. M. Hall.

*W. J. Ewing, H. P. Brown,* and *Ramsey & Odell,* for appellants.

*Plummer & Green,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title instituted by apellee against N. L. Clardy and his wife, M. J. Clardy, to recover two certain tracts of land, one containing 196 acres and the other containing 81 acres. Appellants pleaded not guilty. The cause was tried by jury and resulted in a verdict and judgment in favor of appellants for a homestead of 200 acres, and in favor of appellee for 94 acres of land.

No dissatisfaction is expressed with the verdict and judgment as to the homestead, the only contest being as to the land held by the trial court to have been community estate and subject to execution. The court charged the jury: "The deed read in evidence to the land in controversy, executed by N. L. Clardy to M. J. Clardy, was sufficient to give the plaintiff notice of the claim of the defendant M. J. Clardy to said land as her separate property, and was sufficient to vest the said M. J. Clardy said property as her separate estate, independent of the sources from which the money was derived, but if, at the time of making said deed, the same had not in fact been paid for with the separate estate of the defendant, M. J. Clardy, and if said deed was made by said N. L. Clardy with intent to hinder, delay, or defraud his creditors, then existing, said deed to all the property, except the homestead, if you find there was a homestead, would be invalid against he plaintiff." The charge is assigned as error because there were no pleadings setting up fraud as to the deed from N. L. Clardy to M. J. Clardy. Appellants pleaded not guilty, but not specially, and introduced the deed to show title in Mrs. Clardy, and when so introduced it was subject to attack on the ground of fraud, although fraud was not specially pleaded by appellee. Rivers v. Foote, 11 Texas, 662; McSween v. Yett, 60 Texas, 183.

The court charged the jury as follows: "In this case the presumption of law is that the purchase price of both the 196-acre tract of land and the 81-acre tract of land sued for was bought by them, and that same became and is the community property of the husband and wife, and the burden rests upon the defendants to show by a preponderance of the testimony that in truth and in fact said property was purchased by the wife, and was the separate estate and property of the defendant M. J. Clardy, and unless she has done so, then as to this branch of the case, you are instructed to find for the plaintiff."

The proof established that on December 10, 1877, F. M. White, commissioner for Jackson County, conveyed to M. J. Clardy the 196-acre tract of land in controversy, and that on January 19, 1880, N. R. Hendricks conveyed to M. J. Clardy the 81 acres of land. Under a long line of decisions in Texas, it is held that conveyances to husband and wife during coverture are presumed to be for the benefit of the community, unless it is expressly stated in the conveyance that the consideration was paid with the separate funds of one or the other spouse. When there is no such recitation as to the funds of the husband or wife paying for the property, the burden would devolve upon the spouse asserting separate rights in the property to prove that his or her separate means paid for it, but when in the conveyance it is recited that the wife paid the consideration out of her separate means, then a creditor of the community, seeking to subject the land so conveyed to the payment of his debts, must prove that the consideration was paid out of the community funds, and not the separate estate of the wife. Pontiac Buggy Co. v. Dupree, 23 Texas Civ. App., 298; McCutcheon v. Purington, 84 Texas, 603.

In this case N. L. Clardy was indebted to appellee, and while so indebted, but before suit was instituted, executed to his wife, M. J. Clardy, a deed in which it was recited that the land in controversy had been paid for with her separate means, and was her separate property, and in order to correct the failure to so express it in the deeds to her, he conveyed to her the land in controversy.

The only objection raised to the charge last above copied is that it was erroneous in that it admits of the construction that it was necessary that it should be shown that the money of Mrs. Clardy went directly to pay for the land. The proposition is not clear, but we do not think that the charge is subject to the objection urged. In our former opinion in this case, we held that the deed from Clardy to his wife, made after he became indebted to appellee, raised a presumption that it was her separate estate, and the burden was upon appellee to remove such presumption. No such point is being raised by any assignment of error, the matter was improperly considered by this court, and our opinion on that point is withdrawn.

Mrs. Clardy, upon whose testimony the separate character of the property must depend, was quite inconsistent and contradictory in several material statements, and the jury, in view of such inconsistencies and the fact that the deeds to her failed to specify that the property was separate estate were justified in finding that the property was community and subject to execution. The facts also justified a finding that the deed from the husband to the wife was fraudulent and void.

Appellants filed a motion for new trial on the ground that they had discovered a letter from a party in Tennessee in which it was stated that on the next day, after the date thereof, two postoffice money orders would be purchased to send to Mrs. Clardy, and had also discovered that she could prove by the postmaster at Cleburne, Texas, that Mrs. Clardy had received on October 2, 1877, two orders for $50 each from the party in Tennessee and the same had been paid. Admitting that this testimony was material, no good reason is offered for the failure to have it at the trial. It was easily accessible, and its materiality must have been known to N. L. Clardy, one of the appellants, who was not placed upon the stand as a witness, and one of the grounds of new trial was the absence of his testimony, the reasons for a failure to introduce him as a witness being that appellants thought their opponent would introduce him, and further thought that their case was sufficiently proved up anyway. It is clear that there is no strength or merit in the reasons given for a failure to have N. L. Clardy sworn as a witness.

The law of the case was correctly presented in the charge of the court, and it was not error to refuse the special instructions whose rejection is complained of in the second and third assignments of error.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.