### R. T. BURGE ET AL. v. JACOB HINDS.

Decided April 17, 1907.

**1.—Sequestration—Replevy Bond—Conditions.**

In sequestration proceedings the replevy bond prescribed for personal property is essentially different from that prescribed for real property and one can not perform the office of the other.

**2.—Same—Common Law Obligation.**

A sequestration replevy bond conditioned as prescribed for the replevy of personal property is not binding as a common law obligation upon the sureties on the bond when given for the replevy of land. To sustain a bond under the common law it must appear that the person seeking to enforce the same agreed and consented to the contract evidenced thereby with the makers thereof.

**3.—Same—Replevy—Damages.**

Where the defendant in a sequestration suit replevied the land in controversy and thereby prevented the plaintiff from putting his tenant in possession and so destroyed a rental contract, the defendant is liable in damages to the plaintiff for the rent so lost. The designation of that sum in the judgment as rents, was immaterial.

Appeal from the Fifty-eighth District Court, Jefferson County. Tried below before Hon. W. H. Pope.

*Marvin Scurlock* and *Chester & Da Ponte*, for appellants.—Defendant's replevy bond is not conditioned as required by the statute for the replevy of land, and is more onerous upon appellants than required by law, and the court, therefore, erred in rendering judgment against A. E. Broussard and Marvin Scurlock, sureties thereon. Rev. Stats., arts. 4875 and 4874; Haile v. Oliver, 52 Texas, 443; Wooters v. Smith, 56 Texas, 198; Colorado City Nat. Bank v. Lester, 73 Texas, 546; Leverett v. Meeks, 68 S. W. Rep., 302.

If appellants are liable at all it is for the rental value of the land, and not for what some third person may have agreed to pay appellee therefor. Rev. Stats., art. 4875; Haney v. Clark, 65 Texas, 94; Gresham v. Harcourt, 75 S. W. Rep., 808; Moore v. Temple, 43 S. W. Rep., 843; Texas & P. R. R. Co. v. Randle, 18 Texas Civ. App., 352.

*A. T. Watts* and *P. A. Dowlen*, for appellee.—As appellants did not make any motion to quash the replevy bond, and did not make any objection to its admission in evidence, the court did not err in rendering judgment thereon against said sureties. Jones v. Hays, 27 Texas, 1; Leona Irrigation, M. & C. Co. v. Roberts, 62 Texas, 622; Colorado City Nat. Bank v. Lester & H., 73 Texas, 542.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit against R. T. Burge and H. H. Schaper to try title to 500 acres of land out of the Shelby-Corzine survey in Jefferson County, and for damages in the sum of $1,036, and at the same time applied for and obtained a writ of sequestration and levied the same on the land. R. T. Burge and H. H. Schaper replevied the land with A. E. Broussard and Marvin Scurlock as sureties on their replevy bond. The cause was tried by the court without a jury, the only contest being as to the right of appellee to recover damages on the replevy bond, appellants Burge and Schaper having admitted that appellee had title to the land and should recover it.

The following replevy bond signed by appellants was placed in evidence, over the objection of appellants: "Jacob Hinds v. R. T. Burge, et al., No. 5474. In District Court of Jefferson County. Whereas, by virtue of a writ of sequestration, dated November 28, 1905, issued out of the District Court of Jefferson County, State of Texas, in favor of Jacob Hinds against R. T. Burge and H. H. Schaper in a certain suit therein pending, wherein the said Jacob Hinds is plaintiff and . . . defendant, No. 5474, Ras Landry, sheriff of said county, has seized and taken the following described property in the possession of R. T. Burge, to wit: The land described in plaintiff's petition and writ of sequestration on file among the paper of this cause, and which are here referred to for a more particular description, and which by said sheriff has been valued at $10,000. Now, therefore, in consideration that said property has been permitted to remain in the hands of R. T. Burge, one of the defendants, we, R. T. Burge, as principal, and the other subscribers hereto as sureties, acknowledge ourselves bound to pay to Jacob Hinds, plaintiff, the sum of $20,000, conditioned that the said R. T. Burge will not remove the said property out of the county; or that he will not waste, ill-treat, injure or destroy, sell or dispose of the same, and that he will have said property with value of the fruits, hire or revenue thereof forthcoming to abide the decision of the court, or that he will pay the value thereof, and of the fruits, hire or revenue of the same in case he shall be condemned so to do."

The first assignment presents as error the action of the court in admitting the bond in evidence and in rendering judgment against the sureties thereon. It is apparent that the bond is the one prescribed in article 4874, Revised Statutes, in cases where personal property is levied on, and has none of the requirements of a bond when real estate is sequestered, the requisites of which are prescribed in article 4875. The bond was invalid as a replevy bond for real estate. The bonds prescribed for personal property and for real property are essentially different and one cannot perform the office of the other. Haile v. Oliver, 52 Texas, 443. In that case it was held that a replevy bond, given where both real and personal property were levied upon, that contained only the requirements of a bond for personal property, was not good for the real property.

The bond was not good under the statute, and the question arises, can it be enforced as a common law bond in this case? We do not

think that the bond is good as a common law bond. To sustain the bond under the common law, it must appear that the persons seeking to enforce the same, or those persons with whom they are in privity, agreed and consented to the contract evidenced thereby with the makers thereof. In this case, as in that of Wooters v. Smith, 56 Texas, 198, it can be said: "There is no such agreement set up in the pleadings in this case, and the case is made to stand nakedly upon the agreement, evidenced by the bond, made between the officer and the makers; this is not sufficient in a contract which the law has not empowered the officer to make." Most of the terms of the bond were incapable of performance in connection with land and the sureties did not bind themselves to pay the rents which it was adjudicated they should pay to appellee.

Appellee sued for damages for the unlawful withholding of possession of the land on the part of the defendants, alleging that he had entered into a written rental contract with one Johnson, whereby he bound himself to pay appellee the sum of $1,036 for the use of the land, which contract was destroyed by reason of the defendants refusing to allow appellee to put his renter in possession of the land. Under that allegation the contract between Johnson and appellee was permissible in evidence. The land had been rented to Johnson for the purpose of raising a crop of rice in the year 1906, and if the possession of Burge and Schaper was the cause of the loss of the $1,036 that Johnson had agreed to pay, they would be liable, no matter whether they were in possession of the land for only two months or not. The question was, did they cause appellee to lose the $1,036 that Johnson had agreed to pay for the rent of the land?

There was evidence to the effect that Johnson had deposited a certified check for $1,036, which was to be delivered to appellee when he placed Johnson in possession of the land. Burge and Schaper prevented a consummation of the contract by withholding possession of the land which they acknowledged was not theirs. The $1,036 was recoverable as damages, and not as rents, under the allegations of the petition, but the designation of that sum as rents in the judgment is immaterial. The allegations and testimony justified a judgment for that sum against Burge and Schaper. Whether the rental value of the land was equal to what Johnson had bound himself to pay did not matter, for if he had bound himself to pay that sum if the land was put into his possession and had given a certified check for the amount, and Burge and Schaper prevented the contract from being carried into execution they would be liable for the damages arising from their conduct.

The judgment will be reversed and the cause dismissed so far as the sureties on the replevy bond are concerned, but as to Burge and Schaper it will be affirmed.

*Dismissed in part and affirmed in part.*