### MOSS v. INGRAM. (No. 9241.)

(Court of Civil Appeals of Texas. Ft. Worth. March 27, 1920. Rehearing Denied May 1, 1920.)

1. **Husband and wife** &#x269C;&#x2192;270(9)—**Instruction as to presumption concerning community estate held erroneous.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4622, declaring that all property acquired by either husband or wife during marriage, except that which is the separate property of either, shall be deemed common property, and article 4623, declaring that all effects possessed by either party at the time the marriage may be dissolved shall be regarded as common effects, it was proper to refuse, in a suit to quiet title, where plaintiff claimed that property purchased by his wife was community property, an instruction that there was a presumption that property was purchased with community funds, and that the burden of proving the contrary to the satisfaction of the jury was on defendant.

2. **Trespass to try title** &#x269C;&#x2192;6(1)—**Plaintiff cannot recover on weakness of his adversary's title.**

Plaintiff in trespass to try title cannot recover on the weakness of his adversary's title.

3. **Appeal and error** &#x269C;&#x2192;1068(1)—**Any error in instruction immaterial in view of finding.**

Where the jury found that property disposed of by the wife was her separate property, assignments complaining of instructions on the right of the wife to dispose of the community property were immaterial.

4. **Trial** &#x269C;&#x2192;255(8)—**Where plaintiff requested no charge, he cannot complain of omission.**

In trespass to try title to property which plaintiff claimed his wife purchased with community funds, it appearing that thereafter the wife disposed of her interest and defendant took under conveyance from the original source of title, plaintiff cannot complain of the failure of the court to instruct as to the effect of a deed made to the wife, etc., where such matter was not embraced in any of his several requested charges presenting the issue.

5. **Appeal and error** &#x269C;&#x2192;1062(1)—**Submission of improper issues harmless, in view of determination.**

In an action of trespass to try title to land which, plaintiff claimed, his wife acquired

with community funds, where the jury found that such property was the separate property of the wife, the improper submission of issues as to the wife's right to sell the same if it was community was harmless, and judgment for defendant will not be disturbed; plaintiff having utterly failed to make out any title.

Appeal from District Court, Stephens County; Joe Burkett, Judge.

Trespass to try title by W. P. Moss against S. W. Ingram. From judgment for defendant, plaintiff appeals. Affirmed.

Veala, Caldwell, Bateman & Evans, of Breckenridge, and Wm. J. Berne, of Ft. Worth, for appellant.

Levi Herring and C. D. Spann, both of Glen Rose, for appellee.

· BUCK, J. W. P. Moss, as plaintiff, sued S. W. Ingram and others, as defendants, in a suit of trespass to try title of 46.7 acres of land out of the John R. Carter survey in Stephens county, Tex. He alleged that on or about February 1, 1915, he purchased said land from B. F. Yocum, and obtained a deed of conveyance thereof from said Yocum, but that said deed was never recorded in the deed records of Stephens county, and that the same was thereafter destroyed by the defendant Ingram, or at his instance, on or about February 7, 1916. The statement of facts discloses that W. P. Moss, in 1901, married Mrs. Latham, a widow, who lived on a farm near Glen Rose. At the time of the marriage Mrs. Moss had mortgaged certain of her cows, and perhaps owed something on the place on which she lived. That the plaintiff furnished the money with which to pay off the mortgage on the cattle, and perhaps furnished some of the money necessary to pay the indebtedness on the place. Subsequently they sold this place, and bought another one near Glen Rose with the proceeds from the sale of the first place. Later on Mrs. Moss left her home in Somervell county, and went to visit her daughter, Mrs. Cicero Nolan, by a former marriage, in Stephens county. She wrote back to a neighbor to sell her furniture and all the stuff in the house and send her the money. Plaintiff bought the household furniture and sent his wife the money. Some time later—the statement of facts does not disclose the date —Mrs. Moss wrote to her husband, telling him to sell the place in Somervell county and come to Stephens county, which he did. In February, 1915, plaintiff and his wife bought from B. F. Yocum the land in question for $500, $250 paid in cash and one note for $250. There was a mortgage on a larger tract of 96.7 acres of which the 46.7 acres was a part. Yocum and Moss and·his wife met at Ranger to complete the trade, and it was found that Yocum had left at home his deed, and that he did not have a description of the land

which he was to convey. Therefore it was necessary to postpone the consummation of trade. Mrs. Moss went to Ranger the second time, and on this occasion she gave her check of $250, and executed a note for a like amount and received a deed, which presumably conveyed to her the 46.7 acres.

Some time in December of 1915, while Moss and his wife and their 14 year old girl were living in the house with the defendant, Ingram, plaintiff left home for a' visit to his son at Ft. Worth, and Mrs. Moss went to visit her daughter at Cisco. On plaintiff's return from Ft. Worth, about the 3d of January, he went to his house, and his wife refused to let him come in. He stayed around the neighborhood, working for his neighbors, for a few days, and his wife moved with her daughter to Cisco. On February 17, 1916, the defendant Ingram bought from B. F. Yocum the land in controversy for a consideration of $500, $250 cash paid and the execution of a $250 note, Yocum assuming the payment of $400 indebtedness at that time against the 96.7 acres of land. This trade was made apparently with the consent of Mrs. Moss, and she received a wagon and team, and perhaps other property, for her interest in the land.

Plaintiff filed this suit on May, 6, 1918, and, the other parties defendant having been dismissed, the issue between plaintiff and S. W. Ingram was tried on special issue. The jury, in answer to said special interrogatories, found:

(1) That the property in controversy was purchased with the separate property of Mrs. C. E. Moss.

(2) That the proceeds arising from the sale of said property by Mrs. Moss was applied to the purchase of necessities of life for herself and minor daughter.

They further found no damages in favor of plaintiff as against defendant. Upon this verdict, the court entered a judgment for defendant, and plaintiff has appealed.

, [1] By his first assignment, appellant complains of the refusal of the trial court to give in charge to the jury the following instruction:

"The presumption in law in this state is that property purchased 10 years after marriage, by either the wife or the husband, is that it was purchased with community funds, and the burden of proof to the contrary rests upon the party seeking to disprove the same; and in this case I charge you that, unless you be-\ lieve from the evidence to your satisfaction that the defendant Ingram has overcome this presumption, your findings will be that the property in question was purchased with community funds."

The evidence was conflicting upon this issue, plaintiff testifying to facts which would support the theory that the property involv-

ed was bought with community funds, and Mrs. Cicero Nolan, daughter of Mrs. Moss, testified to facts contradicting her stepfather, and tending to show that the property was purchased with the separate funds of her mother.

In support of this assignment, appellant cites article 4623, V. S. Tex. Civ. Stats.; Lott v. Keach, 5 Tex. 394; Smith v. Smith, 91 S. W. 815; Merrell et al. v. Moore et al., 47 Tex. Civ. App. 200, 104 S. W. 514; Kahn v. Kahn, 56 S. W. 946; Watkins v. Watkins, 119 S. W. 145; Swink v. League, 6 Tex. Civ. App. 309, 25 S. W. 807; Wood v. Dean, 155 S. W. 363; Le Blanc v. Jackson (Com. App.) 210 S. W. 687; Red River National Bank v. Ferguson (Sup.) 206 S. W. 923.

Article 4623 reads as follows:

"All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

We do not believe that this statute is applicable: First, because it applies only to effects owned at the time of the dissolution of the marriage, and the evidence shows that plaintiff and his wife were not divorced, nor was plaintiff seeking a legal dissolution of their marriage relation by this suit; second, in the absence of statutory direction, requiring or authorizing the use of the expression "to your satisfaction," the charge requested placed an undue burden of proof on the defendant. The defendant was only required to establish by a preponderance of the evidence that the property involved was not the community property of W. P. Moss and his wife. Article 4622 of the statutes provides that:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either one or the other, shall be deemed the common property of the husband and wife," etc.

We conclude that the trial court did not err in refusing to give the requested charge, and the first assignment is overruled. H. & T. C. Ry. Co. v. Everett, 99 Tex. 269, 275, 89 S. W. 761; Willis v. Chowning, 90 Tex. 617, 624, 40 S. W. 395, 59 Am. St. Rep. 842; G., H. & S. A. Ry. Co. v. Matula, 79 Tex. 577, 582, 15 S. W. 573.

[2, 3] The second assignment is directed to the giving of an instruction to the jury that—

"The wife has a right to dispose of the community property with which to purchase the necessities of life for herself and minor children of the parties without being joined by the husband. Likewise to dispose of her separate estate to purchase the necessities of life for herself and minor children without being joined by her husband."

Appellant urges that there was no evidence that any money was paid to Mrs. Moss. That a team was given her for the interest in the property, and no need was shown for such team on the part of Mrs. Moss or her minor daughter. The same question is raised in the third assignment, where an objection is raised to the submission of the issue:

"Was the proceeds arising from the sale of said property by Mrs. C. E. Moss, if any, applied to the purchase of necessities for herself and minor daughter?"

To which the jury answered "Yes." If the property was the separate property of Mrs. Moss, as the jury found, these two assignments become immaterial, as plaintiff below could not recover except on his own title, and not on the weakness of defendant's title. In passing, it may be observed that defendant in his pleadings averred title through B. F. Yocum, and did not claim or rely on any title purchased from Mrs. Moss. Hence this charge and this issue were not properly submitted.

[4] In his fifth objection to the court's charge, plaintiff urged that:

"Said charge of the court fails to instruct the jury that if there was a deed made by B. F. Yocum to the land in controversy to Mrs. C. E. Moss, wife of plaintiff, prior to the one alleged and shown to have been executed by him to the defendant Ingram, and that said land was purchased with community funds of plaintiff and wife, and the fact of its having been so purchased was known to the defendant Ingram at the time he purchased and accepted a deed from said Yocum thereto that he would be chargeable with actual notice of the plaintiff's right in the premises; and said charge is wholly silent upon this issue, and fails to instruct the jury at all upon this question."

In plaintiff's special charge No. 3, given by the court the jury were instructed that community property is any property acquired by the joint effort both by the man and wife, or the property of both the husband and wife, and that if in this case they should find that the cash payment of $250 in the purchase of the property in question was made partly with the funds of W. P. Moss and partly with the funds of his wife, C. E. Moss, it would constitute the property in question community property. At the request of the plaintiff, the further charge was given that the law of this state allows the husband, as the head of a family, to select, locate, or designate the family homestead of a family, and in this case the jury were instructed that the plaintiff, W. P. Moss, had the right to establish the homestead of his family upon the land and premises in controversy if the same was acquired with the community funds or other community property of himself and wife, and that if

the defendant, Ingram, had actual knowledge that said premises were so acquired and established as a homestead of the family of plaintiff prior to his purchasing and obtaining possession thereof, in that event the jury were instructed to find for the plaintiff upon this issue. Also there was given a special charge, requested by the plaintiff, to the effect that if the jury should find that the land and premises in controversy herein was the community property and family homestead of the plaintiff and his wife, and that defendant, Ingram, had actual knowledge thereof, and that he unlawfully and fraudulently acquired and took possession of said land and premises without the consent of the plaintiff, and had deprived him of the possession and occupancy of the same since the time said defendant so took possession thereof, they should find for the plaintiff, and against the defendant, exemplary or punitory damages in whatever sum or amount of money they might deem proper and adequate, not to exceed $5,000.

It will be noted that the plaintiff submitted and had given such charges as in his judgment were proper upon the very question here involved, and if the instructions and issues submitted were not sufficient to submit to the jury all of the questions of fact involved in the suit, plaintiff should have prepared and submitted such charges and instructions as he thought were proper. And if he failed to do so, this court cannot aid him by reason of such omission.

Appellant's fifth assignment of error is too general to require consideration, and is overruled.

[5] While we believe the case was tried on issues not made by the defendant's pleadings, and we are further of the opinion that Ingram did not, by purchasing the title from Yocum, deprive Mrs. Moss of any title she might have had in her separate right, yet, in view of the finding of the jury that the property in controversy was the separate estate of Mrs. Moss, plaintiff has failed to make out his case. We are of the opinion that all assignments should be overruled, and the judgment affirmed.

Judgment affirmed.