### WHITE et al. v. SUTTLE et al.   (No. 6.)

(Court of Civil Appeals of Texas. Waco. Oct. 18, 1923.)

**1. Sequestration** ⚚20—**Judgment against sureties on replevy bond not in conformity with applicable statute void.**

A summary judgment, in a suit for possession of sequestrated land, against the sureties on defendants' replevy bond, which was that required to replevy personalty under Rev. St. art. 7104, and hence did not conform in any way to that required to replevy realty under article 7105, *held* void.

**2. Appeal and error** ⚚1173(3)—**Judgment affirmed as to parties not appealing.**

A judgment reversed as to the sureties on defendants' replevy bond, in a suit for possession of sequestrated land, affirmed as to defendants, who did not appeal.

Error from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by J. J. Suttle against Marion Kitchen and another, who filed a replevy bond. Judgment for plaintiff against defendants and E. S. White and others, as sureties, and the latter bring error. Reversed, and cause dismissed as to sureties, and affirmed as to defendants.

Ira Lawley and Kennedy & Lyell, all of Groesbeck, for plaintiffs in error.

H. F. Kirby and L. W. Shepperd, both of Groesbeck, for defendants in error.

---

⚚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BARCUS, J. J. J. Suttle instituted suit in the district court of Limestone county against Marion Kitchen and Alice Kitchen for the possession of a tract of land in Limestone county, and filed his affidavit and bond in sequestration. The property was sequestrated by the sheriff of Limestone county, and the defendants filed a replevy bond and were permitted by the sheriff to retain possession of the property. The replevy bond given is the bond required to replevy personal property under article 7104, Revised Statutes, and not the bond required to replevy real estate under article 7105, Revised Statutes.

The defendants Marion Kitchen and wife in the trial court filed a general demurrer and general denial and plea of not guilty. The cause was tried before the court and resulted in a judgment in favor of J. J. Suttle against the defendants Marion Kitchen and wife for the possession of the land and premises sued for, and a judgment against said defendants and the sureties on their replevy bond, E. S. White, I. Meek, W. S. Bassett, and S. J. Fenter, who are plaintiffs in error herein, for $106.66, the value of the use and hire of said property, and for an additional sum of $5,000, the value of said real estate, provided the real estate could not be had; said judgment being rendered November 25, 1922.

The sureties on the replevy bond were not served with citation and had no notice of the judgment except that which they were required to take judicial notice of by having signed the replevy bond. No notice of appeal was given and no exceptions taken at the time the original judgment was rendered. On April 9, 1923, the above-named sureties on said replevy bond sued out this writ of error, and claim fundamental error in that the judgment rendered against them as sureties on the replevy bond is void because the replevy bond is not in substantial conformity with the staute prescribing the conditions for a replevy bond in cases where real estate has been sequestrated.

There are other questions raised, not necessary for us to pass on in view of the disposition we make of this case.

[1] Since the replevy bond given by the defendants in the trial court is the one required under article 7104, when personal property is replevied, and does not in any way conform to the bond required under article 7105 of the Revised Statutes, for the replevy of real estate, the property involved herein being real estate, the court was not authorized to render a summary judgment against plaintiffs in error as sureties on said bond. Burge v. Hinds, 46 Tex. Civ. App. 134, 101 S. W. 855; Haile v. Oliver, 52 Tex. 444; Wooters v. Smith, 56 Tex 198; State v. Vinson, 6 Tex. Civ. App. 309, 25 S. W. 807.

[2] The judgment rendered against plaintiffs in error E. S. White, I. Meek, W. S. Bassett, and S. J. Fenter as sureties on the replevy bond will be reversed and the cause as to them dismissed. The defendants Marion Kitchen and wife, Alice Kitchen, have not appealed, and the judgment as to them will be affirmed. The costs of this appeal are hereby taxed against appellee, J. J. Suttle.