**STRICKLAND v. PILGRIM.    (No. 597.)**

Court of Civil Appeals of Texas.    Waco.
Nov. 17, 1927.

**1. Husband and wife ☞270(7)—To recover against married woman for commissions, broker had burden to plead and prove facts rendering her personally liable.**

In broker's action against husband and wife to recover commissions for exchange of real estate, burden was on broker as plaintiff to plead and prove facts necessary to bring case within class of liabilities in which married woman may be personally liable, in order to entitle him to judgment against wife.

**2. Husband and wife ☞262(1)—Property acquired by spouses by purchase is prima facie presumed to belong to community, though conveyance runs to single spouse.**

Property acquired by husband and wife by purchase is prima facie presumed to belong to community, and it is immaterial whether conveyance is taken in name of husband or of wife, or in names of both.

**3. Husband and wife ☞264—That wife alone took title to lands acquired during coverture did not rebut presumption that property was community property.**

Fact that title to lands acquired during coverture, which husband and wife exchanged, was in wife's name, and that lands deeded spouses in return were taken in her name, did not, in broker's action for commissions, rebut presumption that in each case property constituted community property, and was not part of wife's separate estate.

**4. Husband and wife ☞264—Proof that property was purchased with separate funds of single spouse rebuts presumption of community, resulting from deed to such spouse.**

Presumption in favor of the community, resulting from a deed made to either husband or wife, may be rebutted by proof that property is bought with separate funds of either.

**5. Husband and wife ☞264—Property deeded wife constitutes her separate property on proof that she advanced purchase money, or that husband intended gift (Rev. St. 1925, art. 4614).**

Where deed is made to wife, it may be shown to be for her benefit, if she advanced purchase money, or if husband intended a gift and directed the deed to be made in her name, and in such case property will constitute wife's separate property under Rev. St. 1925, art. 4614.

**6. Husband and wife ☞264—Married woman's acquisition of separate property cannot be shown by inferences from conclusions of witnesses (Rev. St. 1925, art. 4614).**

In order to show that property deeded to wife constitutes wife's separate property under Rev. St. 1925, art. 4614, acquisition thereof must be in some of ways pointed out by statute, and such fact cannot be shown by inferences or deductions to be drawn from conclusions of witnesses.

**7. Husband and wife ☞264—That wife was interested in exchanging property taken in her name, and that husband acted as agent in listing it, was not inconsistent with its being community property.**

Fact that wife was interested in closing deal for exchange of property taken in her name, and that husband considered himself as wife's agent in making listing with brokers, is not inconsistent with existence of such property as community property, in view of wife's one-half interest in community.

**8. Husband and wife ☞270(8)—Evidence held insufficient to sustain findings that broker's services in exchanging property acquired by spouses during coverture, and held in wife's name, benefited wife's separate estate (Rev. St. 1925, art. 4614).**

In broker's action against husband and wife for commissions, evidence *held* insufficient to sustain finding that property exchanged, which wife had received in her own name during coverture, was her separate property, under Rev. St. 1925, art. 4614, and that broker's services in exchanging such property for other lands likewise taken in wife's name were rendered for benefit of her separate estate.

**9. Husband and wife ☞270(7)—Complaint alleging exchange of wife's property and that property received was taken in her name, did not authorize broker's recovery for services rendered wife's separate estate (Rev. St. 1925, art. 4614).**

In broker's action against husband and wife for commissions, complaint alleging that title to land exchanged was in wife's name, and that title to property received in return was likewise taken in her name, *held* insufficient to authorize any judgment against wife based on services for benefit of her separate property, under Rev. St. 1925, art. 4614.

**10. Husband and wife ☞268(7)—Married woman held not liable for broker's commissions for exchange of community property, even though she ratified listing and sale contracts made by husband as agent.**

Even though husband made listing and sale contracts on exchange of property as agent for his wife, and wife accepted and ratified contracts, wife *held* nevertheless not liable for broker's commissions, if lands exchanged were not her separate property.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by H. M. Pilgrim against Mrs. Lenora Strickland and her husband. Judgment for plaintiff against named defendant, and she appeals. Reversed and remanded as to all parties.

R. A. Kilpatrick and Walker & Baker, all of Cleburne, for appellant.

J. E. Warren and F. E. Johnson, both of Cleburne, for appellee.

STANFORD, J. This suit was filed by appellee against Dr. D. Strickland and wife, Mrs. Lenora Strickland, to recover $1,246.87,

alleged to be due him by Dr. Strickland and wife as a broker's commission for the exchange of lands. In response to special issues the jury found:

"(1) That the plaintiff, H. M. Pilgrim, was the procuring cause of the trade that was finally consummated between the defendants Dr. Strickland and wife, Lenora Strickland, and Vermillion and Thomas.

"(2) That Dr. Strickland and H. M. Pilgrim did not agree that H. M. Pilgrim would represent Dr. Strickland in the closing out of the deal for the exchange of the Strickland properties in Johnson county for the Thomas and Vermillion land in Deaf Smith county for a consideration of $500."

On these findings and several other findings incorporated in its judgment, the court rendered judgment in favor of Dr. D. Strickland, but against Mrs. Lenora Strickland, in favor of appellee, H. M. Pilgrim, for $1,246.87. Mrs. Strickland has appealed, and presents the record here for review. A more complete statement of the case will be made in our disposition of appellant's assignments.

Under several assignments, appellant contends, in effect, that neither the pleadings nor evidence authorized the judgment against her, in that there was no allegation that the services rendered by appellee were rendered for the benefit of her separate property, and no evidence to establish such fact. Under other assignments appellant contends the findings of the court to the effect that the property traded to Vermillion and Thomas was the separate property of appellant, and that the contract of exchange was made for the benefit of her separate property, are without evidence to support same. We will consider these questions together. Appellee's petition, among other things, alleged, in substance, that it came to his knowledge, after the contract of exchange was signed by D. Strickland and Vermillion and Thomas, "that the title to said lands located in Johnson county was in the defendant Lenora Strickland, and that, in exchange of said property with said Vermillion and Thomas, the defendant Lenora Strickland had the deed to the Deaf Smith county land made to her;" that the plaintiff performed the services of procuring purchasers willing to exchange lands on terms satisfactory to defendants, and who did make said exchange, and the said Lenora Strickland thereby became liable to the plaintiff for the reasonable value of the services for so procuring an exchange of her said property, etc. The above is the substance of appellee's pleading in reference to the question of its sufficiency as an allegation that appellee's services were rendered for the benefit of appellant's separate property. Appellee alleged fully that appellant Lenora Strickland was a married woman, the wife

of D. Strickland, and that D. Strickland, for himself and as agent for his wife, Lenora Strickland, listed said land with appellee for sale or exchange. On the trial a part of the deposition of D. Strickland was introduced by appellee as follows:

"I was acting for my wife at the time I made the listing of these lands. I was agent for my wife. * * * It is a fact that I listed with Pilgrim, in the fall of 1926, the tracts of land he has mentioned here in his testimony. I referred to it as my lands. I mean by that, of course, that is the land my wife holds the title to; that is, the Grandview farm, the Brazos River farm, and the Eagan farm."

Appellee also introduced a part of the deposition of Robbins, the Amarillo agent who represented Vermillion and Thomas in the exchange of properties, as follows:

"It seems to me that I heard a conversation between Dr. Strickland and Vermillion and Thomas in which Dr. Strickland said to them, 'Deed this land (the six sections in Deaf Smith county) to my wife, Mrs. Strickland, and not to me,' but do not say for sure about that."

There is no evidence that Mrs. Strickland was present when this conversation occurred. Appellee testified in part as follows:

"I was claiming off of him and Mrs. Strickland 2½ per cent. of that amount, that is what they had agreed to pay me, 2½ per cent. I had talked to Mrs. Strickland about these trades. She had talked to me a number of times. As to whether or not Mrs. Strickland knew this Thomas and Vermillion trade was being made, about all there was to it was this: She expressed herself as hoping that I would be able to make the trades for her, and that Dr. Strickland said he was sure I would be able to make them, or something to that effect. I couldn't remember exactly what Mrs. Strickland did say, but something to that effect. * * * That deed (to the Plains lands) was made to Mrs. Strickland. As to when I learned that the Johnson county lands were in Mrs. Strickland's name, when the deeds were to be written Dr. Strickland told me he wanted the deeds to be made to his wife; that he kept all of his property in her name."

[1, 2] Appellee's petition having alleged that appellant was a married woman at the time the alleged services were rendered by appellee and at the time this suit was brought, in order to entitle him to a judgment against her, the burden was upon appellee to plead and prove facts necessary to bring the case within the class of liabilities for which a married woman may be personally liable. There is neither pleading nor evidence that the lands in Johnson county, conveyed by D. Strickland and appellant, his wife, to Vermillion and Thomas, were the separate property of appellant; neither is there pleading or evidence that the Plains lands received in exchange for the Johnson county lands were conveyed to her separate use; nor was

there pleading or evidence that the contract with appellee or the services rendered by him thereunder were for the benefit of appellant's separate estate. Gamel et al. v. City Nat. Bank (Tex. Com. App.) 258 S. W. 1043; Mills v. Frost Nat. Bank (Tex. Civ. App.) 208 S. W. 698; Menard v. Sydnor, 29 Tex. 257; Smith v. Brownson & Co., 53 Tex. 271. It is true appellee alleged that the title to said lands located in Johnson county was in appellant Lenora Strickland. It is also true Dr. Strickland testified:

"I referred to it as my lands. I meant by that, of course, that is the land my wife holds the title to; that is, the Grandview farm, the Brazos River farm, and the Egan farm."

[3-5] These were the Johnson county farms traded for the Plains lands. They were acquired by Dr. Strickland and appellant, his wife, while they were husband and wife, and whether the title was taken in the name of the husband or wife is immaterial. In either event, in the absence of other evidence, the presumption of law is said farms were community property. Property acquired by purchase, whether the conveyance be in the name of the husband or of the wife, or in the names of both, is prima facie presumed to belong to the community. Edwards et al. v. Brown, 68 Tex. 329, 4 S. W. 380, 5 S. W. 87; Swink v. League, 6 Tex. Civ. App. 309, 25 S. W. 807; Keyser v. Clifton et al. (Tex. Civ. App.) 50 S. W. 957; Clardy v. Wilson, 27 Tex. Civ. App. 49, 64 S. W. 489; Parks v. Worthington (Tex. Civ. App.) 104 S. W. 921; Aycock v. Thompson (Tex. Civ. App.) 146 S. W. 641. So the fact that the title to the Johnson county lands was in the name of Mrs. Strickland, and the fact that the Plains lands were deeded to her in exchange for the Johnson county lands, in the absence of other evidence, do not tend to determine the question here involved.

[6, 7] The presumption in favor of the community resulting from a deed made to either husband or wife may be rebutted by proof that it was bought with the separate funds of either. When the deed is made to the wife, it may be shown to be for her benefit, not only from the advance by her of the purchase money, but, if the funds be advanced from the community funds, it may be proved that the husband intended a gift, and directed the deed to be made in her name. Dunham v. Chatham, 21 Tex. 231, 73 Am. Dec. 228; Smith v. Strahan, 16 Tex. 314, 67 Am. Dec. 622; Tucker v. Carr, 39 Tex. 98. But there is no evidence in this record that tends to rebut the presumption that the lands, title to which was placed in Mrs. Strickland, were community property of herself and husband. Our statutes (article 4614, Rev. Statutes 1925) clearly define the wife's separate property, and, to show property is such, it must be shown she acquired it in some one of the ways pointed out by said statute. Such fact cannot be shown by inferences or deductions to be drawn from the conclusions of witnesses. The only evidence, in addition to the fact the title to the Johnson county land was in appellant's name, and the title to the Plains lands was taken in her name, that appellee cites is, in effect, that appellant talked to appellee about the exchange, and stated to him that she hoped he would be able to make the exchange, and the statement of Dr. Strickland that "at the time I listed these lands I was acting as agent for my wife." As community, Mrs. Strickland owned a half interest in the property, and the fact she was interested in the deal being closed, and the fact Dr. Strickland considered himself as agent for his wife in making such listing, are neither inconsistent with the fact of its being community.

It is not the policy of our law that the rights of a married woman be made to rest upon such inferences and conclusions as might possibly be drawn from the above evidence, especially where direct and proper evidence is accessible. It would seem the truth of the matter was, as stated by Dr. Strickland to appellee, "that he kept all of his property in her name." The listing contract with appellee was made and signed by Dr. Strickland, the husband of appellant. The contract for the exchange of the properties was made and signed by Dr. Strickland and Vermillion and Thomas. Appellant was not a party either in person or by agent to either of said contracts, as shown by the face of said contracts. There is no evidence that she was consulted or participated in the negotiations resulting in said contracts, or either of them. There is no evidence that she knew anything about the terms of the proposed trade. Appellee testified that the deed to the Plains lands was made to Mrs. Strickland on instruction of D. Strickland; that Dr. Strickland told him he wanted the deed made to his wife; that "I keep all of my property in her name." The deed conveying the Plains lands to Mrs. Strickland was not offered in evidence, and no one undertook to testify to its contents, except that it was made to Mrs. Strickland, and that this was done at the instance of Dr. Strickland. There is no evidence in the record that Mrs. Strickland was instrumental in having the conveyance made to herself or that she even knew of it.

[8-10] The trial court incorporated in his judgment findings to the effect that the Johnson county lands, which were exchanged for the Plains lands, were the separate property of Mrs. Strickland, and that the contract made by D. Strickland with appellee for the exchange of such lands was made for the benefit of her said separate property, etc. We think the evidence is insufficient to

sustain these findings of the trial court, and also the pleading and evidence are insufficient to authorize any judgment against appellant, a married woman. We sustain these assignments, and, as the case does not seem to have been fully developed as to appellee's right of recovery against appellant, a married woman, we will reverse and remand as to all parties. If Dr. Strickland did make both the listing and sale contracts as agent for his wife, and if appellant, his wife, did accept and ratify said contracts, still, if the Johnson county lands exchanged were not her separate property, she would not be liable for any commission. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Mills v. Frost Nat. Bank (Tex. Civ. App.) 208 S. W. 698; Hadad v. Ellison (Tex. Civ. App.) 283 S. W. 197; Ware v. Hall (Tex. Civ. App.) 273 S. W. 926; Hall v. Hanen (Tex. Civ. App.) 258 S. W. 200; Stroter v. Brackenridge, 102 Tex. 386, 118 S. W. 634.

There are other assignments which we do not deem it necessary to consider, as the questions raised by them may not arise upon another trial.

The judgment of the trial court is reversed, and the cause remanded as to all parties.