# THE

# TEXAS LAW REPORTER.

Austin, Texas, Monday, May 15, 1882.

## MARY P. AND SARGE BRADEN vs. JOHN A. GOSE ET AL.
### SUPREME COURT, AUSTIN TERM, 1882.

It is only the increase of land, the separate property, which the law declares shall be a part of the separate estate of the wife, and by the settled rule of construction this would not include the increase of personal property.

An injunction by the husband and wife to enjoin the sale of the community interest in the land was properly dissolved where it was apparent that the rights of the wife could have been as fully protected in an action at law.

Appeal from Lamar county.

Opinion by Stayton, J.

This action was brought by the appellant to enjoin the sale of sixty-eight acres of land which had been levied upon by the appellee, John A. Gose, as sheriff of Lamar county, to satisfy an execution in his hands in favor of E. D. Scales for the use of Van Beil, issued upon a judgment against Sarge Braden, who is the husband of Mary P. Braden, who claimed the property in her own separate right.

The judgment in favor of Scales was rendered on the twenty-eighth day of January, 1880, upon a note executed on the twenty-eighth day of July, 1877.

The land in controversy was purchassd and deed taken in the name of Mary P. Braden on the twenty-fourth day of January, 1880, and was paid for with eight hundred dollars which a relation of hers had given to her after her marriage, and by four hundred dollars which was interest that had accrued upon the eight hundred dollars; the same having been loaned at interest from the time it was given to the wife. The judgment against the husband had never been registered so as to give a lien upon the property, and the land had been scheduled by Mary P. Braden as her separate property before the execution was levied—but not before the rendition of the judgment upon which the execution issued. The cause was tried by the court without a jury and judgment was rendered dismissing the bill and adjudging costs against the appellants; the court finding that one-third of the property was community property and subject to sale under the execution, and that the remaining two-thirds was the separate property of Mrs. Braden.

The first assignment of error raises the question as to whether or not the property was the separate property of Mrs. Braden.

It does not appear whether the money which was given to Mrs. Braden after her marriage was given to her before the adoption of the present Constitution or not, and it therefore becomes unimportant to inquire whether, under section 14, article 12 of the former Constitution, interest upon money, the separate property of the wife, could be protected as increase of the principal fund or not. The present Constitution provides that "all property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, demise or descent, shall be her separate property." Const., sec. 15, art. 16. The statute in force in this state since the thirteenth of March, 1848, upon this subject is as follows: "All property, both real and personal, of the wife, owned and claimed by her before marriage, and that acquired afterwards by gift, devise or descent as also the increase of lands or slaves thus acquired, shall be the separate property of the wife," etc. Pas. Dig., 4641.

The same provision is found in the Revised Statutes, ex-

cept the increase of slaves, they having been emancipated, are omitted. Rev. Stats., art. 2851.

If under any construction, interest upon money could in a legal sense be called the increase of the principal fund, under the law in force it would not be protected, for it is only the increase of land, the separate property, which the law declares shall be a part of the separate estate of the wife, and this by the settled rule of construction would not include the increase of personal property; besides the statute provides that all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed the common property of the husband and wife. Pas. Dig., 4642; Rev. Stats., 2852.

The four hundred dollars accrued interest which went into the purchase of the land was not acquired by gift, devise or descent, but is simply an accumulation from that which was so acquired and to which the character of the principal fund under the statute, cannot attach. In the case of Hall vs. Hall, 52 Texas, it was held that the interest due on the note made to the wife by the husband was her separate property; but this was upon the ground that the husband's contract made it so. The fact that Mrs. Braden included the land in the schedule of her separate property, which she caused to be recorded, cannot make it her separate property if it was not so in fact, for the only object of such registration is to give notice of what is separate property, and it cannot in any respect change the character of property.

To the extent that the interest on the money, the separate property of the wife, went to pay for the land, the same became community property and was subject to sale under the execution against the husband. Claiborne vs. Tanner, 18 Texas, 78; Zorn vs. Tarver, 45 Texas, 520.

Two-thirds of the money paid for the land in controversy being the separate property of the wife, the land in that proportion was her separate estate, and the remaining one-third of the purchase money belonging to the community, the court did not err in so holding. It did not rest upon the execution creditor to establish that the husband was insolvent, in order to entitle him to sell the interest of the community in the lan ·

in satisfaction of his debt. His debt accrued in 1877 and the husband, to the prejudice of a creditor, could not have given the community money, which went to pay for the land, to his wife. As no lien attached to the land until the levy of the execution, the property then being registered as her separate property, she would not have been precluded from showing that her husband gave to her the four hundred dollars, which was community property, if such was the fact, and that at the time of such gift the husband had left in his hands ample property subject to execution to pay all his debts. Such a state of facts would have protected the wife; but no such facts appear in the record; if they existed it was incumbent upon the appellant to plead and prove them.

It is claimed that the court erred in dissolving the injunction, dismissing the cause and adjudging costs against the appellants. Under the past decisions of this court it must be held that there was no sufficient ground shown for injunction. Carlin vs. Hudson, 12 Texas, 202; Whitman vs. Willis, 57 Texas, 427; Zorn vs. Tarver, 45 Texas, 519.

The only interest in the land levied upon was that of the husband; this would only have embraced his separate estate, or a community estate in the land, and nothing more could have passed by a sale under the levy, and no irreparable injury to the wife in her separate estate could have resulted from the sale. The schedule of the wife's separate estate having been recorded prior to a levy upon the land, and the same being embraced therein, no one purchasing at a sale under the execution could have claimed to be a purchaser without notice of the claim of the wife, and her rights, in case a purchaser under the execution had attempted to get possession of the land, could have been as fully protected in an action at law as by the institution for injunction, and besides the judgment of the court, in effect, as between the parties to this suit settles the rights and respective interests of the parties. The interest of the community in the land was not such an uncertain interest as would not be subject to execution; one-third of the purchase money therefore having been paid with community funds, an undivided one-third of the land was community property and subject to sale, and it

has never been held in this State that it was necessary to cause land held by different persons in undivided but fixed parts to be petitioned before the interest of one or more tenants in common therein could be subjected to sale under execution. There being no ground for injunction it was not error in the court to adjudge all the costs against the appellants.

This cause comes before the court as an agreed case exhibiting in narrow compass and in clear terms the points to be decided, and the briefs of counsel present in like manner the issues in the case and authorities relied upon, and we deem it proper in this cause to commend their method of presenting causes, when practicable. There being no error in the judgment of the court below the same is affirmed.