JAMES CARLISLE v. FRITZ SOMMER.

(Case No. 1645.)

1. SEPARATE PROPERTY.— A creditor of the husband who, by vexatious proceedings and threats, prevented the payment of a note due the wife for purchase money of land, her separate estate (and which remained a lien on it), so that interest accumulates thereon, cannot subject the interest to the payment of the husband's debt.

2. DISTINGUISHED.— This case distinguished from Braden v. Gose, 57 Tex., 37.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

Suit by appellant Carlisle against Sommer as garnishee. The first assignment of error was as follows:

"The court erred in discharging the garnishee and in refusing to give the plaintiff judgment against him for the accrued interest on his note to Mrs. Randle, said judgment being based on an erroneous conclusion of law to the effect that, because the note was the separate property of Mrs. Randle, the interest thereon was also her separate property, and was therefore not subject to her husband's debts."

The appellant Carlisle had a judgment against Jules A. Randle, on which there remained due on the 6th of January, 1882, a balance of $1,093. Randle was insolvent, and on the 31st of March, 1883, Carlisle sued out a writ of garnishment against the appellee Som-

mer, which was served on the same day. The garnishee answered
September 3, 1883, denying any indebtedness to the judgment
debtor. The plaintiff contested his answer.

On the trial, it appeared that the garnishee had, on the 28th of
November, 1881, executed to Mrs. Laura M. Randle, who was the
wife of said Jules A. Randle, his note for the sum of $5,000, due
January 1, 1883, and bearing interest at the rate of twelve per
cent. per annum from the 1st of January, 1882, which note was
overdue and unpaid at the service of the writ. The accrued interest
on the note at that date amounted to about $800. It was given for
her separate property.

After the service of the writ the note was transferred by Randle
and wife to Messrs. Giddings & Giddings, who had notice of the
garnishment proceedings, and who, to indemnify themselves, reserved
$1,300 of the proceeds, for which sum they gave Mrs. Randle a cer-
tificate of deposit, conditioned to be void in case the plaintiff should
be successful in this suit.

The garnishee's note to Mrs. Randle was given as part of the con-
sideration for land bought of her, which was her separate property.

The finding of the court on this subject was as follows: " I find
as matter of fact that the note of the garnishee, the interest on
which is sought to be subjected to the plaintiff's writ, was given to
Mrs. Randle as part of the consideration for the purchase of land
which was her separate property; and I hold, as matter of law, that
the interest, which is an incident of the note, was as much her sep-
arate property as the note itself, and is therefore not subject to the
plaintiff's writ of garnishment."

The garnishee was accordingly discharged.

*Sayles & Bassett,* for appellant, cited: Const., art. XVI, sec. 15;
R. S., 2851, 2852; Braden *v.* Gose, 57 Tex., 37.

*C. C. Garrett,* for appellee.

WEST, ASSOCIATE JUSTICE.— It appears from the statement of facts
and the conclusions of the court that the appellant, who had obtained
a judgment against Mrs. Randle's husband, had been endeavoring
for some time before the garnishment proceeding now under con-
sideration was instituted to force the wife to pay her husband's debt
with her separate property or its proceeds.

She had originally bargained the lands for which the $5,000 note
of November 28, 1881, represented part of the purchase money, to

the appellee for $15,000 cash, and appellee was about to pay for it that sum in cash, when, by threats of suit and other acts of appellant, he was deterred from so doing, and would only pay $10,000 in cash, and give the note above referred to for the balance of the purchase money. In addition to this, Mrs. Randle, owing to the conduct of appellant, was forced by appellee to deposit the $5,000 note in question in a banking-house in Brenham until its maturity; subject to the condition that if the judgment here sought to be established by appellant and others against the land should in fact be established, they were to be paid off out of the moneys arising from the collection of this note.

Shortly after the sale, on the 10th of January, 1882, in pursuance of his purpose to force, if possible, the wife out of her separate estate to pay her insolvent husband's debts due him, appellant caused an execution to be levied on the same land just sold by Mrs. Randle to appellee, and by this action of his forced the wife to apply for a writ of injunction to restrain the sale.

This suit, by some means, remained pending in court until March 29, 1883, sometime after the purchase money note above set out had become due, and after the interest, which but for this action of appellant would probably have been paid, amounted to the sum of about $800.

At the last-named date the injunction suit was finally disposed of, and the wife's funds, which had been so long withheld from her by this action of appellant, were once more liberated.

No sooner, however, was this judgment perpetuating the injunction entered, and in fact on the second day thereafter, than the appellant, still fertile in resources, instituted the garnishment process now under consideration, for the purpose of subjecting the interest on the wife's note, that by his own conduct he had caused to accumulate, to the payment of his debt against the husband.

The court below on several grounds held that, under the facts of this case, as disclosed by the evidence, the appellant could not subject the interest that had in this way accrued to the payment of the husband's debts.

In this respect we regard the judgment as correct. Any other conclusion would work injustice to the rights of the wife, which are quite as sacred in the eyes of the law as the claims of his creditors against her husband are.

Speaking of an attempt to force the wife to pay her husband's debt out of her separate estate, Judge Moore very pointedly says: "Certainly no one could imagine a creditor could by any direct

process have the property of the wife hired to pay his debt or appropriated to his use *in any manner* to this end. Would not this in effect be done if he could wrongfully seize and hold the wife's property?" Carr *v.* Tucker, 42 Tex., 338.

These remarks are quite pertinent to the case in hand. The court did not err in disposing as it did of this branch of the case.

There is nothing whatever in the views here expressed that is at all at variance with the case of Braden *v.* Gose, 57 Tex., 37. The writer is, however, of the opinion that the present case differs in several of its features from the case of Braden *v.* Gose. Neither the principal or interest of the note in that case were the proceeds of the sale of the wife's separate property. Here both the principal and the interest of the note in question were especially agreed upon to be paid for land which was the separate property of the wife, the interest having been specially contracted for in the deed of conveyance, and agreed to be a lien upon the land as a part of the purchase money, and was, in fact, as much a part of the original purchase money as the principal of the note was. The superior right still remained, by the terms of the contract, with the vendor, until all the interest, as well as the principal, of the purchase money was paid.

When this was done, and the terms of the sale in every respect fully complied with, and the principal and interest alike paid, then, as was held in the case of Braden *v.* Gose, cited *supra*, any future interest accruing from the loan of this purchase money would be community property and subject to attachment, garnishment or execution, as the case might be.

We are of the opinion, however, that the court committed an error in rendering, at the time and under the circumstances that it did, a judgment against the appellant for attorney's fee, and in having the same taxed against him as part of the costs of the case.

Appellee's counsel in their brief offer on the part of the appellee to file a *remittitur* of this amount; if this is done in twenty days from this date the judgment will be affirmed, but for this error it must be done at the cost of appellee. The clerk will notify the counsel of appellee, in order that they may file the *remittitur*, should they desire to do so.

AFFIRMED.[1]

[Opinion delivered February 15, 1884.]

---

[1] The *remittitur* was filed.