## L. MARX v. LANGE, LEVY & CO.

(Case No. 855.),

1. WITNESS — EXAMINATION OF.— The action of the court below in permitting a
   witness, recalled to the witness stand (after his examination by both parties),
   for the purpose of laying a predicate for his impeachment, to be again
   examined, will afford no cause for reversal, unless it is shown that the dis-
   cretion of the court which permitted this to be done operated to the preju-
   dice of the complaining party.
2. CHARGE OF COURT — SEPARATE PROPERTY.— It was error to instruct a jury,
   in a case in which it was sought to subject separate property of the wife to
   the payment of the husband's debt, the separate property being invested in
   a mercantile business, that it was protected "so long as it was invested in
   that business."
3. SAME.— It was also error to instruct a jury, in a case where the separate·
   means of the wife, invested in merchandise, was levied on to satisfy the·
   husband's debt, to the effect that the creditor of the husband could indem-·
   nify himself by subjecting as much of her separate property, or its in-·
   crease, invested in the mercantile enterprise, as she had withdrawn from it,.
   and reinvested in other property; it being shown that some of it had been
   reinvested in a homestead.
4. JUDGMENT — COSTS.— See statement and opinion for a case in which it was
   error to render judgment against the husband in a proceeding where prop-
   erty of the wife had been levied on to satisfy the husband's debt, the
   property being claimed by the wife.

APPEAL from Caldwell. Tried below before the Hon. L. W.
Moore.

This was a proceeding involving the trial of the right of prop-
erty in a stock of goods in the district court of Caldwell county.
On November 8, 1880, an execution from the county court of Gil-
lespie county in favor of appellees, and against N. Marx and Theo.
Krüger, was levied on the goods in question. The goods were in
the possession of N. Marx in the town of Luling. The levy was
made by S. A. Bruce, a constable of Caldwell county, who valued
the goods at $530. Mrs. Sarah Marx (appellant) filed her affidavit
and bond under the statute with H. Kleinsmith, R. Jacobs, M. Epstein,
Moses Miller, J. N. Stagner and W. W. Carpenter as sureties. She
claimed the goods as her separate property, and alleged that in Sep-
tember, 1878, her brother, R. Oscar, gave her $800 in money; that
in November, 1878, she invested $500 of that money in goods and
took them to Luling, where she had sold them in the usual course
of business, investing the proceeds, in part, in other goods and
partly in supporting the family; and also in the payment of a
debt incurred by the purchase of a store and dwelling-house in Lul-

ing, the same building being used for both purposes. The constable valued the goods seized at $530.

The jury found that $430 worth of the goods levied on were community property of Mrs. S. Marx and her husband and so were subject to the execution. The court, finding that $511.44 was due upon the execution, rendered judgment for the sum of $430, the amount of the community interest in the goods, and for the further sum of $47.80, costs, against Mrs. S. Marx and her husband, N. Marx, and also against the sureties, H. Kleinsmith, R. Jacobs, M. Epstein, Moses Miller, J. N. Stagner and W. W. Carpenter. Judgment was also rendered for $43, being ten per cent. upon the amount found by the jury.

*Nix, Storey & Storey*, for appellant, cited: R. S., arts. 1297, 1317, 2245; Cotton v. Jones, 37 Tex., 34; Sparks v. Dawson, 47 Tex., 144–6; Johnson v. Brown, 51 Tex., 75; Brown v. State, 23 Tex., 200; Hall v. Hall, 52 Tex., 298; Haynes v. Stovall, 23 Tex., 627; Rose v. Houston, 11 Tex., 325; Neill v. Billingsly, 49 Tex., 168.

*Stringfellow & McNeil*, for appellees, cited: R. S., art. 2852; Schmeltz v. Garey, 49 Tex., 49; De Blane v. Lynch, 23 Tex., 25; 54 Tex., 16; Chapman v. Allen, 15 Tex., 278; Gilliard v. Chessney, 13 Tex., 337; Braden v. Gose, Austin term, 1882 (57 Tex., 37); Rose v. Houston, 11 Tex., 325; Cox v. Miller, 54 Tex., 26; R. S., arts. 3, 5, 1437, 1442, 4824–4840; Scoby v. Sweatt, 28 Tex., 713; Sedgwick on Const. & Stat. Law, 247–48; Pasch. Dig., art. 1501.

DELANY, J. COM. APP.— The first assignment of error is that the court erred in permitting the plaintiffs to recall the claimant's witness, N. Marx, after he had been examined by the claimant in rebuttal and the testimony had closed, in order to lay a predicate for his impeachment.

In matters like this, so much is left to the discretion of the court that a judgment would not be reversed unless there was some abuse of the discretion to the prejudice of the party complaining. R. S., 1298.

The second assignment complains of that part of the charge in which the jury are told that the proof in support of Mrs. Marx's claim to the property must be " clear and abundant." The phraseology may be objectionable, but that is hardly enough to reverse the judgment.

The third, fourth and fifth assignments question the charge of

the court, and, we think, correctly. Mrs. Marx insisted that these goods were her property, and were not liable to her husband's debt; that she had invested $500 in a stock of goods and had commenced business in her own name and in her own right; that she had kept about that amount invested in the business, and out of the profits had supported her family and had paid off a charge upon her homestead of $400.

Now the court told the jury that if she had so invested the $500 of her separate property, it would be protected against her husband's creditors "so long as it may be invested in said business." This qualification was unfortunate. The money was exempt, not because it was invested in the business, but because it was the separate property of Mrs. Marx. She might have withdrawn the whole of it any day, and have closed up the business, without forfeiting the exemption.

After having properly told the jury that the gains and profits of the business became community property and liable to execution, the judge proceeded as follows: "5th. The jury will determine from the evidence what sum, if any, her separate property, was invested by Mrs. Marx. You will charge her with any sum, proceeds of said mercantile business, withdrawn and otherwise invested; and of the goods levied upon, you will allow her the balance of her investment in the value of said goods,— not to include any part of those purchased on a credit. These last mentioned, and any surplus over her investment of the corpus as before ascertained, if any, you will find as liable to this execution."

In addition to its obscurity, this charge is objectionable because not applicable to the evidence. There is nothing in the record to show that Mrs. Marx had withdrawn any portion of her original "investment of the corpus," as the charge seems to infer. She testified that out of the profits of the business she had paid $400 upon a debt due for her homestead. Now this sum of $400 was community property, and if the creditors had gotten hold of it, they might lawfully have appropriated it to the payment of their claims. But suppose they fail to get their hands upon it; can they indemnify themselves by taking the same amount out of the principal? That seems to have been the view of the court, and it is certainly what was accomplished by the verdict and judgment. The jury found that the goods were subject to the levy, to the amount of $430. It is easy to see where this sum came from, when we remember that the goods levied on amounted in value to $530, and that $400 was paid by Mrs. Marx upon the homestead. The creditors of Marx,

therefore, had only to wait until the profits of his wife's business, appropriated to the uses of the family, should equal the sum invested by her, and then they could take the entire stock.

In the case of Braden v. Gose, 57 Tex., 37, it was held that the interest accruing on a note, the separate property of the wife, becomes community property and is liable for the husband's debts. Now let us suppose that Mrs. Marx, instead of investing her money in goods, had loaned it at a high rate of interest and had appropriated the proceeds to the support of the family or to the purchase of a homestead. Would a creditor of the husband, who had failed to get the interest, be allowed to seize a part or the whole of the principal? We think not.

In our opinion judgment should not have been rendered against the husband, N. Marx. A judgment already existed against him for the debt, and the only effect of this judgment was to make him liable for the costs and the penalty, for which he was in no sense responsible.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 13, 1884.]