### KIRK et al. v. CITY OF GORMAN.
### (No. 1912.)

(Court of Civil Appeals of Texas. El Paso. March 4, 1926. Rehearing Denied April 1, 1926.)

**1. Taxation ⬡502.**

Legislature may make taxes against property superior to a lien on such property created prior to assessment of tax.

**2. Limitation of actions ⬡12(2).**

Where notes secured by mortgage on personal property matured more than four years prior to suit of city to foreclose tax lien on such property, barring such notes by limitation, plaintiff city could plead limitation in bar of the debt asserted by mortgagees.

**3. Judgment ⬡132—Court was without authority to enter judgment against codefendant on cross-action, filed during term at which main case was tried, where such codefendant filed no answer and entered no appearance thereon.**

Where codefendant, against whom cross-action was filed by other defendants during term at which main action was tried, filed no answer thereto and entered no appearance thereon, court was without authority to render judgment against such codefendant on cross-action at such time.

**4. Dismissal and nonsuit ⬡59—Cross-action waived and abandoned, thus operating as a dismissal or discontinuance of it, where cross-complainants voluntarily proceeded to trial at time when court was without power to grant them relief on their cross-action.**

Where defendants, who filed cross-action against codefendant, voluntarily proceeded to trial of main case at time when court was without power to grant them relief on their cross-action, they thereby elected to waive and abandon it, thus operating as a dismissal or discontinuance of cross-action.

**5. Appeal and error ⬡934(1)—Cross-action not expressly disposed of by judgment is presumed adjudged against party asserting it, unless judgment excludes such implication.**

A cross-action which is not expressly disposed of by the judgment is by implication presumed to be adjudged against party asserting it, unless judgment on its face excludes such implication.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by the City of Gorman against Frank Kirk, J. E. Brewer, and J. C. Davis, wherein two defendants first named filed cross-action against defendant Davis. From the judgment, defendants Kirk and Brewer appeal. Affirmed.

Wasaff & Lyman, of Ranger, for appellants. M. McCullough, of Eastland, for appellee.

HIGGINS, J. The city of Gorman brought this suit against J. C. Davis, J. E. Brewer, and Frank Kirk to recover taxes levied and assessed for the years 1921, 1922, 1923, and 1924, against certain personal property belonging to Davis, together with interest, penalties, and costs, and foreclosure of tax lien. Brewer and Kirk were joined as parties defendant under the allegation that they were claiming some interest in the property.

The defendants answered by general demurrer and general denial. Subsequently Brewer and Kirk filed an amended answer and a cross-action against their codefendant, Davis, setting up that they were the holders of certain notes executed by J. C. Davis, secured by chattel mortgage upon the personal property upon which the plaintiff sought to foreclose its tax lien, said notes and mortgage being dated November 21, 1919, and that such mortgage was prior to the tax lien asserted by the plaintiff, and they asked for judgment over against Davis for the balance due upon the notes and for foreclosure of their mortgage and same be established as superior to the lien of the plaintiff.

The plaintiff filed a supplemental petition pleading the four-year statute of limitation in bar of the debt and mortgage set up by Brewer and Kirk.

Judgment was rendered in favor of the plaintiff against Davis for the amount sued for with foreclosure of tax lien against all defendants, from which judgment Brewer and Kirk appeal, assigning as error: First, that the court erred in not establishing their mortgage as superior to the tax lien of the plaintiff; second, the court erred in failing to render judgment against Davis upon their cross-action and for foreclosure of their mortgage.

The record does not disclose under which state law the city of Gorman is incorporated, but, in the agreed facts, sections of its charter are quoted giving to it the power to pro-

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vide by ordinance for the prompt collection by suit, sale, or otherwise, of all taxes due the city, and that it may proceed in the enforced collection of taxes as provided by law for the collection of state and county taxes in so far as applicable. Another section of the charter provides that the property of all persons owing taxes to the city of Gorman are made liable for all such taxes whether the same be due upon personal or real property, or both, and a lien is expressly fixed upon all such property to secure the payment of all said taxes, and further providing that the ad valorum taxes upon one piece of property shall not be received without paying the ad valorum taxes due on other property.

[1, 2] It is competent for the Legislature to make taxes against property superior to a lien upon said property created prior to the assessment of the tax, but we need not stop to inquire whether or not, under the laws of this state and charter provisions of the city of Gorman, the lien of the plaintiff is paramount to the antecedent mortgage, because the notes declared upon by Brewer and Kirk matured more than four years prior to the filing of their amended answer and cross-action. They were, therefore, barred by limitation. The plaintiff was entitled to plead limitation in bar of the debt asserted by Brewer and Kirk. Scott v. Sloan, 23 S. W. 42, 3 Tex. Civ. App. 302; Johnston v. Lasker, etc., 21 S. W. 961, 2 Tex. Civ. App. 494; Moore v. Porter (Tex. Civ. App.) 138 S. W. 426. Regardless of the original priority of the liens the mortgage has become subordinate to the tax lien.

[3] Passing now to the second error assigned, the cross-action against Davis was filed during the term of court at which the case was tried. He filed no answer thereto, nor entered his appearance thereon. The court was, therefore, without authority to render judgment against him at that time upon the cross-action. The judgment discloses that appellants announced ready for trial. There is nothing to show they made any effort to continue the case to obtain service of the cross-action upon Davis.

[4] The appellants having voluntarily proceeded to trial at a time when the court was without power to grant them relief upon their cross-action against their codefendant, they should be regarded as having elected to waive and abandon the same, and that it operated as a dismissal or discontinuance thereof. Burton-Lingo Co. v. First Baptist Church (Tex. Com. App.) 222 S. W. 203; Moody v. Smoot, 14 S. W. 285, 78 Tex. 119; Varrs v. Faulkner (Tex. Civ. App.) 138 S. W. 789; Porter v. Railway Co., 121 S. W. 897, 56 Tex. Civ. App. 479.

[5] Again, under the liberal rule adopted by the Supreme Court in Trammell v. Rosen, 157 S. W. 1161, 106 Tex. 132, and cases following

the same, a cross-action which is not expressly disposed of by the judgment is by implication presumed to be adjudged against the party asserting the same, unless the judgment upon its face excludes such implication. For cases stating such qualification to the rule announced in Trammell v. Rosen, see Hermann v. Allen, 128 S. W. 115, 103 Tex. 382, and Swan v. Price (Tex. Civ. App.) 162 S. W. 994. Southern Trading Co. v. Feldman (Tex. Com. App.) 259 S. W. 566, is an application of the qualification.

The judgment in the present case makes no mention of the cross-action and there is nothing to exclude the implication that it was adjudged against appellants.

Therefore, if we are mistaken in the view stated above with respect to dismissal or discontinuance of the cross-action, then, we are of the opinion that the judgment should be construed as denying any relief thereon and this presents no error, because the court had no power at that time to grant such relief, because of lack of service.

Affirmed.