## CORA PAGE ET AL. V. MATTIE F. HENDERSON ET AL.

No. 6887.   Decided June 23, 1937.
(106 S. W., 2d Series, 673.)

*Bond & Porter,* of Terrell, for plaintiff in error.

The provisions of Article 4619, R. S. 1925, do not require the party asserting the separate character of property acquired during marriage to establish the same to the satisfaction of the jury but merely requires such party to prove the separate character of such property by a preponderance of the evidence. Gameson v. Gameson, 162 S. W. 1169; Ervin v. Ervin, 128 S. W. 1139; Moor v. Moor, 57 S. W. 992; Isbel v. Lennox, 116 Texas 522, 295 S. W. 920.

*W. H. Barnes* and *Pat Coon, Jr.,* of Terrell, for defendants in error.

The jury was entitled to have a correct and legal charge on the issue of separate property, so that they might properly determine whether Jim Henderson paid any of his separate funds to the purchase of the property involved in this suit. Mitchell v. Mitchell, 80 Texas 101, 15 S. W. 705; Hustin v. Curl, 8 Texas 240; Wood v. Dean, 155 S. W. 363.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendants in error, Mattie F. Henderson and others, who will be designated plaintiffs, brought this suit against plaintiffs in error, Cora Page and others, who will be designated defendants, for partition of 62 acres of land in Kaufman County, Texas. Plaintiffs contended that the land was the community property of Jim Henderson and Lula Henderson, both deceased, and as heirs of Lula Henderson they were owners of a one-half interest therein. They alleged that defendants, heirs of Jim

Henderson, were owners of the other one half. On the other hand, defendants contended that the property was paid for by Jim Henderson out of his individual funds, and was therefore his separate property.

It is undisputed that the consideration paid for the land was $1200.00. In response to special issues the jury found that of this consideration Jim Henderson paid the sum of $825.00 out of his separate funds, and to the extent of the remaining $375 the land was community property. Upon these findings the trial court awarded plaintiffs 749/4800 of the land and defendants 4051/4800 of same. Plaintiffs appealed, and the Court of Civil Appeals reversed and remanded the case upon one proposition only. 78 S. W. (2d) 293.

The trial court gave to the jury the following instruction:

"To further aid the jury in answering the questions propounded to them in this charge, they are instructed that when property is acquired by either the husband or the wife during marriage, such property is presumed to be the community property of the husband and wife, unless the contrary be proved, and the burden rests upon the person who asserts the contrary to prove the same by a preponderance of the evidence."

While it is very doubtful that plaintiffs made sufficient objections to this charge of the court to raise the question, nevertheless the Court of Civil Appeals considered a proposition to the effect that the trial court erred in not putting upon defendants the burden of establishing by "satisfactory proof" that the land was the separate property of Jim Henderson to the amount of $825.00 of the consideration. The court held that "requiring appellees (defendants) to prove the property was the separate property of Jim Henderson by only a preponderance of the evidence did not meet the requirements of Article 4619 of the Revised Statutes."

The article in question, as to property acquired during marriage, merely creates a presumption with reference thereto, and says nothing about how the contrary shall be proven. In this respect the article is as follows:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only."

The remainder of the article concerns effects possessed at the time of the dissolution of marriage and is as follows:

"All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

The instruction of the trial court dealt only with the presumption arising from acquisition of property during marriage, and nothing whatever was said concerning effects possessed at the dissolution of marriage. It is evident, then, that so far as the statute itself is concerned the instruction of the court placing the burden "upon the person who asserts the contrary to prove the same by a preponderance of the evidence" was all that plaintiffs could require. The difference between the two portions of the statute was clearly observed by the Court of Civil Appeals in the case of Moss v. Ingram, 224 S. W. 258.

It is therefore unnecessary to decide what would be the rule if the language "unless the contrary be satisfactorily proved" related to the presumption concerning property acquired during marriage. However, in analogous situations it has been held error to instruct the jury that the burden was upon a given party to establish a given issue by satisfactory evidence or proof. Reinhardt v. Nehring, (Com. App.) 291 S. W. 873; Carl v. Settegast, (Com. App.) 237 S. W. 238.

We have examined other assignments submitted by plaintiffs in the Court of Civil Appeals and concur in the opinion of that court that they are without merit. As the Court of Civil Appeals reversed and remanded the cause upon one proposition only, and in that respect committed error, the judgment of that court remanding the cause is reversed, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court June 23, 1937.