**WATLEY v. SHOULTS et al.**

No. 5536.

Court of Civil Appeals of Texas. Texarkana.

Jan. 25, 1940.

William Lane and Timmins & Bath, all of Marshall, for appellant.

Huffman & Huffman, of Marshall, for appellees.

WILLIAMS, Justice.

Appellant, W. W. Watley, administrator of the Estate of Ida Solomon, deceased, sued in regular statutory trespass to try action to recover of appellees, E. C. Shoults and G. W. Huffman, defendants below, title to ½ interest in a 100-acre tract of land out of the McCown and Casey H. R. Surveys in Harrison County. Defendants' answer contained a plea of not guilty, and other defenses not necessary to detail. Plaintiff sought recovery on the theory that the tract was acquired with community funds of Gordon Solomon and Ida, his third wife. A deed dated in 1933, reciting a cash consideration, purports to convey the tract to defendants.

Gordon was married to Charity when he purchased in 1883 a tract containing approximately 400 acres of land. He married Ida on January 23, 1891. In 1892 Gordon, joined by Ollie Smith, who was the only surviving child of Miami Solomon, his second wife, executed a timber deed containing a general warranty of title to W. L. Sloan, in which they conveyed the standing timber on about 270 acres of the above tract. This deed granted to Sloan "as much time as he may desire or find convenient to cut and remove the timber." It recites $150 cash paid, and further consideration of Sloan's promise, "when the timbered land is surveyed, so as not to include any of the cleared land, *I will pay* $1.25 per acre, including the amount already paid. Also *one hundred acres of land when the timber is removed therefrom.*" (Italics ours.) Sloan, in turn, in 1901 conveyed this timber so purchased, together with other timber off a large tract of land he owned close by, to the Pine Ridge Lumber Company, who within three or four years time had cut and removed the timber purchased by it. In 1906 Elizabeth Sloan, surviving widow of W. L. Sloan, executed a deed conveying to Gordon Solomon 100 acres of land, being the land in controversy. The consideration expressed in this deed reads: "This deed is made for the purpose of curing defect in title of said grantee by reason of the fact that the deed which was made by W. L. Sloan to him was lost or misplaced without having been recorded and this is made in substitution thereof."

In response to special issue No. 4, the jury found from a preponderance of the evidence that the 100 acres in contro-

versy was conveyed to Gordon as part of the consideration for the timber purchased from him under the timber contract dated July 2, 1892; and to No. 6, the jury found from a preponderance of the evidence that the 100-acre tract was paid for out of the community property of Gordon and Charity Solomon. The court correctly required the jury to find from a preponderance of the evidence that the property was paid for out of the community of Gordon and Charity Solomon; in effect; that from a preponderance of the evidence it was not the community of Gordon and Ida. Moss v. Ingram, Tex.Civ.App., 224 S.W. 258; Page v. Henderson, 129 Tex. 652, 106 S.W. 2d 673; Gillespie v. Gillespie, Tex.Civ. App., 110 S.W.2d 89. Upon these and other findings not necessary to detail, judgment was entered that plaintiff take nothing. Plaintiff's motions for an instructed verdict and for judgment non obstante veredicto upon which his propositions are grounded involve the alleged insufficiency of the evidence to support above findings.

The land purchased in 1883 and the growing timber thereon became no part of the community estate of Gordon and Ida Solomon, or of her separate estate. There is a total absence of any evidence that the community of Gordon and Ida in any wise handled or supervised the cutting and removing of the timber sold to Sloan. On the contrary, the Pine Ridge Lumber Company supervised and furnished the means for its removal. Therefore, if the consideration for the conveyance of the 100 acres in controversy to Gordon was in part payment of the growing timber on the 270 acres sold to Sloan, the said 100-acre tract did not become any part of the community of Gordon and Ida. Dixon v. Sanderson, 72 Tex. 359, 360, 10 S.W. 535, 13 Am.St. Rep. 801; Rose v. Houston, 11 Tex. 324, 326, 62 Am.Dec. 478; 23 Tex.Jur. p. 89, Sec. 66; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Comm. of Internal Revenue v. Wilson, 5 Cir., 76 F.2d 766; Gillespie v. Gillespie, supra.

The land in controversy was conveyed to Gordon during his marriage to Ida, and by virtue of Article 4619, R.C.S. of 1925, Vernon's Ann.Civ.St. art. 4619, gives rise to the presumption that it was community of these two. From the evidence offered by defendants in rebuttal to such presumption it is to be observed that W. L. Sloan agreed to convey 100 acres of land in part payment of the timber when the same was removed; the timber was removed by 1904 or 1905; his widow executed a deed in 1906 conveying exactly 100 acres to Gordon; this deed recites that it was made in substitution of a deed formerly made by her husband. The deed records disclosed no deed from Sloan to Gordon. There is no evidence of any other transaction between Sloan and Gordon. Thirty-odd years have passed and the Sloans, Gordon, and all his wives are dead. This evidence offered in rebuttal to the presumption presented a question of fact. We are not prepared to say that the jury's findings are without support in the evidence.

The judgment is affirmed.