## COODY v. COODY.

No. 2866.

Court of Civil Appeals of Texas.
Eastland.

May 4, 1951.

Rehearing Denied June 1, 1951.

Creighton & Creighton, Mineral Wells, L. H. Welch, Breckenridge, for appellant.

Ben J. Dean, Breckenridge, for appellee.

PER CURIAM.

Garland Coody instituted this suit against his wife, Floreine Coody, for a divorce. The parties, prior to the filing of the suit, entered into a written contract settling their property rights and the cus-

tody of their child. Defendant duly executed a waiver of service of citation which was filed among the papers in the cause. Prior to the expiration of thirty days from the institution of the suit, defendant filed an answer and a cross action to set aside the contract of settlement and the provisions thereof with reference to the custody of the child and asked that she be granted a divorce. A trial was had before the court with the aid of a jury. The jury found, in answer to special issues, (a) that Floreine Coody had been guilty of cruel treatment of such a nature as to render plaintiff and defendant living together insupportable; (b) that Garland Coody had not been guilty of cruel treatment; (c) that Garland Coody was a fit and proper person to have the care, custody and control of the minor child; (d) that Floreine Coody was not a fit and proper person to have custody of the child; (e) that the contract entered into between the parties was not an equitable settlement of their property rights; (f) that the "Manning Land" was purchased with separate funds of plaintiff; (g) that the "J. R. Coody land" was purchased with separate funds of the plaintiff; (h) that the piano in controversy was given to defendant by plaintiff. The court entered judgment granting plaintiff a divorce and care and custody of the minor child and set aside the contract of settlement, decreed the "Manning Land" and "Coody Land" to be the separate property of plaintiff, divested defendant of title to a one-half interest in the livestock upon payment to her of the sum of $5,701.62 by plaintiff and ordered that the homestead be sold and the proceeds divided equally between the parties. From this judgment defendant has appealed.

■ Appellant makes the contention that the evidence is insufficient to support the judgment awarding appellee a divorce. The statement of facts is very voluminous. We have given it our very careful consideration. We feel that it would serve no good purpose to detail the evidence produced upon the trial either on the issues of divorce or custody of the child. It is the settled law of this State that the trial court is vested with a wide discretion in

the matter of granting a divorce. Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Best v. Best, Tex.Civ.App., 214 S.W. 2d 806. We believe the evidence is sufficient to sustain the finding of the jury and of the trial court and that the court did not err in granting the divorce.

The court submitted to the jury by issue six whether appellant was a fit person to have the care and custody of the child. The jury answered this issue "No" but in connection therewith made the following recommendation: "We, the jury, make the following recommendation on special issue No. 6: The cross plaintiff, Floreine Coody, because of the past record of the care and treatment of the child in the church and school activities and because of the age of the child and also because of the affection of the child for his mother, that the child be permitted to be with his mother some part of the summer months."

■ Appellant argues that this recommendation had the effect of nullifying the answer of the jury to the above issue; that when the jury recommended the child be placed with its mother during some part of the summer months it thereby recognized she was a suitable and proper person to have custody of the child. We do not agree with this contention. The responsibility of awarding the custody of the child rested squarely upon the shoulders of the trial court. The determination of custody was not a question for the jury. The answers of the jury to the issue are merely advisory and not binding upon the trial court. 15 Tex.Jur., 664 (and cases therein cited).

■ Appellant makes the further contention that the court abused its discretion in awarding custody of the child to appellee. Wide discretion is vested in the trial court in awarding custody of minor children. The paramount issue is the best interest of the child. In this case the trial court had the opportunity to see and observe the parties, their conduct and demeanor upon the trial. He saw and heard the witnesses. It was his province to weigh the testimony and to pass upon the credibility of the witnesses. As above

stated, we are not inclined to set out the evidence but we believe it is sufficient to support the judgment awarding custody of the child to appellee. We find that the trial court did not abuse its discretion in making the award. Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995; Lasater v. Bagley, Tex.Civ.App., 217 S.W.2d 687.

■ Appellant contends the evidence conclusively shows the "Manning Land" was community property of the parties and that the court erred in submitting the issue inquiring whether such land was paid for out of the separate funds of appellee. We do not agree with this contention. The trial court properly submitted this issue to the jury. It was raised both by the pleadings and the evidence. At the time of the marriage of appellant and appellee, on July 19, 1936, appellee had approximately $15,000 in cash and 250 cows with calves at their sides. Appellant had no property. The deed conveying the Manning Land to appellee was dated January 8, 1937. Appellee testified positively that the Manning Land was paid for with his separate money; that it was purchased with money he had at the time he married; further, that he had claimed the land to be his separate property; that no part of the purchase price of the land came from anything except his separate property. We believe that this evidence raised an issue of fact as to whether the Manning Land was paid for out of separate funds of the plaintiff. Certainly under this state of the record, appellant would not have been entitled to an instructed verdict on this issue. Harkness v. McQueen, Tex.Civ.App., 232 S.W.2d 629; City of Ennis v. Telfair, Tex.Civ.App., 22 S.W.2d 327, and cases therein cited. Appellant makes the same contention with reference to the "J. R. Coody Land." What has been said applies with equal force to this land. The evidence raised an issue for the jury as to whether the J. R. Coody land was paid for out of the separate funds of appellee. The court properly submitted this issue to the jury.

■ Appellant complains of the failure of the court to instruct the jury in connection with the special issue inquiring whether the Manning Land was paid for out of the separate funds of appellee that the "burden is on the party asserting that such property is his separate property to establish by clear and convincing proof that the purchase price of the property so acquired was paid for out of funds belonging to him prior to his marriage or from the proceeds of property owned by him prior to his marriage." In connection with this issue, the court gave a correct definition of separate property and community property. The court instructed the jury that all property acquired by either the husband or wife during marriage is community property, except that which is the separate property of either, and shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved. Then, in submitting the issues to the jury the court placed the burden upon appellee to establish by a preponderance of the evidence that the Manning Land and J. R. Coody Land was paid for out of his separate funds. We believe this was the proper way to submit the issues to the jury and that the instructions given by the court in connection therewith amply and fully advised the jury of the laws relative thereto. We believe the court did not err in refusing the requested instruction. Page v. Henderson, 129 Tex. 652, 106 S.W.2d 673; Wood v. Dean, Tex.Civ.App., 155 S.W. 363.

■ After the return of the verdict, appellee made a motion for the determination by the court of the community property rights of the parties. The court granted the motion and adjudged that "additional considerations and findings as were authorized by law" had been made and proceeded to divide the community property of the parties. The court, in its judgment, listed personal property found to be community property and valued the same at $28,160 and deducted community debts aggregating $12,156.76, leaving a net value of $16,003.24. The court awarded a Stude-

baker pick-up of the value of $1,500 to appellee and a 1949 Oldsmobile of the value of $2,300 to appellant and decreed that a proper allowance for difference in the value of the vehicles be made in the division of the personal property. The court deducted these values from the $16,003.24 net value of the community property which left $12,203.24 and then proceeded to divide this into two parts, making $6,101.62 each. From appellant's part the court deducted one-half of the difference between the value of the Oldsmobile automobile and the pick-up which was $400, leaving $5,701.62 as appellant's part of the personal property belonging to the community estate. The court awarded the personal property to appellee and ordered appellee to pay into the registry of the court $5,701.62 for the use and benefit of appellant and provided that a lien should exist against the property until the community debts were paid and further decreed that the homestead and household furniture and fixtures be sold and the proceeds thereof be divided equally between the parties. Appellant complains of this division of the personal property upon several grounds. Appellant contends that the only evidence in the record as to the value of the livestock came from appellee and that he, being an interested party and uncorroborated, that such evidence was insufficient to sustain a finding of the court as to the value of the livestock. Appellant cites Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332. As we view these cases, they do not support the position taken by appellant. These cases hold that the uncontroverted testimony of a party to a suit will not authorize or support an instructed verdict. We agree with this statement of the law but the court did not instruct a verdict in this case. It is not the law that the uncontroverted testimony of a party will not support a finding by the trier of the facts. Under Art. 4638, Vernon's Revised Civil Statutes, the court had the authority to order a division of the property in such a way as to the court seemed just and right. The court is vested with wide discretion in a divorce suit in disposing of the property rights of the parties and its action in the exercise of such discretion will not be disturbed on appeal unless an abuse of discretion be shown. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Puckett v. Puckett, Tex.Civ.App., 205 S.W.2d 124. We have carefully considered the evidence and it is our considered opinion that the court made a fair and just division of the property. There certainly was not any abuse of discretion shown.

Appellant makes the further contention that the court erred in charging the community estate with $11,000.00 due the First National Bank of Fort Worth. It is appellant's contention that the evidence fails to show that this was a community debt. It will be observed that the contract of settlement entered into between the parties lists this note as a community debt. Furthermore, the parties were married July 19, 1936. This trial was held on October 26, 1950. We believe it should be presumed in support of the judgment, that any separate debts of appellee over this period of years had been paid or were barred by limitation.

We are of the opinion that the court did not err in charging the community with this and the other debts set out in the judgment of the court.

Appellant, by her twenty-first point, contends the court erred in denying her recovery of reasonable attorney's fees. This point has not been briefed by appellant and the same is, therefore, waived. 3B Tex.Jur. 133, Section 753.

We have carefully examined the record in this case and find no reversible error in any points which have been properly presented and each is hereby expressly overruled.

The judgment is affirmed.