**Alrose LESAGE (formerly Gateley), Appellant,**

v.

**Jack H. GATELEY, Appellee.**

No. 3319.

Court of Civil Appeals of Texas.

Waco.

Feb. 16, 1956.

Rehearing Denied March 1, 1956.

C. C. Renfro, Dallas, Forrester Hancock, Waxahachie, for appellant.

Rosenfield & Berwald, Dallas, Bruce Allen, Waxahachie, for appellee.

HALE, Justice.

This is an appeal from a decree which provided for a division of the estate of the parties to a divorce suit. The paramount question presented for decision is whether interest accrued and paid during marriage on an unsecured demand note owned by the wife before marriage is community property.

Appellee and appellant were married on June 11, 1951 and lived together as husband and wife until July 26, 1954. Thereafter, appellant instituted suit against appellee for divorce. Appellee answered with a general denial and a cross action against appellant for divorce, for partition and division of their community property and for an accounting of all monies and properties belonging to their community estate. On motion of appellant, and in pursuance of Rule 174(b) T.R.C.P., the court ordered a separate trial of the divorce action from the claim of appellee for an equitable partition of the community property alleged to belong to the parties. In a trial before the court without a jury, judgment was rendered granting appellant a divorce. A subsequent trial was had before a jury relating to the property matters. Based upon the verdict of the jury and upon extensive facts established by undisputed evidence and by stipulation of the parties, judgment was rendered awarding to appellee as his part of the estate of the parties a Cadillac automobile valued at $2,000, the interest appellee had purchased in an aeroplane, and the sum of $30,000. All other property involved in the suit was awarded to appellant as her separate property or as her equitable interest in the community estate. Appellant duly perfected her appeal from the judgment disposing of the property rights of the parties, but no appeal was perfected from the judgment rendered in the divorce action.

The record before us discloses that at the time of her marriage appellant owned certain real estate situated in Dallas and in San Antonio, and an unsecured promissory note or notes of the Lone Star Company in the principal sum of $1,787,339.29. These notes bore interest at the rate of 5% per annum payable monthly, with the entire principal payable on demand. Between June 11, 1951 and September 1, 1954, the total sum of $449,751 was paid to appellant on the principal of said notes and during the same interval of time interest on said notes accrued and was paid to her in the total sum of $194,736.41. The trial court concluded as a matter of law that the interest which accrued and was paid during marriage on the Lone Star Company notes was community income. Not only did the court instruct the jury in effect that such interest was community income, but in arriving at what he deemed to be a just and equitable division of the property involved in the suit the court treated such interest as community property.

Appellant timely objected to the action of the court in instructing the jury that the interest accrued and paid during marriage was community property and in her motion for new trial she also complained of the action of the court in overruling her objections and in treating such interest as community income for the purpose of effecting an equitable partition of the estate of the parties. In summarizing her contentions in the court below and here she says in her brief: "(1) The interest on appellant's Lone Star Company notes owned prior to marriage, of which approximately $200,000 was collected during the period of marriage, was separate income and never became community property; (2) the treat-

ment of the interest on appellant's separate property notes as community income caused the trial court to make an inequitable partition of the property involved in the suit; and (3) the trial court, in treating the foregoing interest as community income, committed errors in submitting the case to the jury with respect to the use and disposition thereof."

After due consideration of the foregoing contentions of appellant we have concluded that they are not well founded and should be overruled. We shall discuss briefly some of the reasons upon which our conclusion is based.

█ Art. XVI, § 15 of Vernon's Annotated Constitution of Texas provides in part as follows: "All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of the wife; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband; * * *." This provision has been contained in each Constitution of Texas since 1845. It is a part of the community system of property rights of husband and wife which we derived from the civil law of Spain. Under the Constitution and laws of this State the separate property of the husband or wife is that owned or claimed by such spouse before the marriage and that acquired afterward by gift, devise or descent. All other property of the marital estate, regardless of how it may be acquired, is community property. Art. 4619 Vernon's Tex.Civ.Stats. This community estate, it has been said, is, therefore, "a variable one; it begins at the marriage with nothing and ends at the dissolution of marriage with everything, presumptively, of which the parties are possessed. The character of the estate is determined by operation of law according to the time and circumstances of acquisition."

Appellant does not contend that the interest which accrued during her marriage on the notes she owned before marriage was acquired by gift, devise or descent, but she says such interest was owned by her before marriage because it was a part of the debt owed to her as evidenced by the notes of the Lone Star Company. In support of her contention she cites, among other early decisions, the case of Carlisle v. Sommer, 61 Tex. 124, which she asserts is "directly in point with the case at bar." We do not think any of the cases cited by appellant are directly in point on the controlling question before us. None of them involves interest accruing after marriage on an unsecured demand note owned by the wife before marriage. But, be that as it may, we agree with the comment contained in the Third Edition of Speer on Marital Rights, page 499, Sec. 368, referring to the cases of Carlisle v. Sommer, 61 Tex. 124, and Scott v. Sloan, 3 Tex.Civ.App. 302, 23 S. W. 42, as follows: "In at least two cases, an individual view has been expressed that interest due on vendor's lien notes given for the wife's separate real estate would belong separately to her, upon the reasoning that such interest became a part of the purchase money. But this has never commended itself to the courts, and is not sound." See also 23 Tex.Jur., p. 126, Sec. 103.

In her brief, appellant says: "It is believed the decisions which hold that interest is community income were written because the authors were considering interest as damages rather than interest payable under a contract." However, it appears to us that the legal distinctions between "conventional interest," "legal interest" or "interest by way of damages," are wholly immaterial to a correct determination of the question here under consideration. Art. 5069 of Vernon's Tex.Civ.Stats. defines interest as being "the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." Consequently, interest which accrued after marriage on the unsecured demand notes owned by appellant before marriage was the compensation fixed by the parties to the note for the use of appellant's money as evidenced by the principal amount of the note, not for any definite period of time but from day to day, until such time as either

of the parties might see fit to terminate the further use by Lone Star Company of appellant's money.

A number of early decisions, such as Braden v. Gose, 57 Tex. 37, hold in effect that interest accruing during marriage on notes or funds belonging to the separate estate of the wife constitutes community property. But, regardless of any seeming conflict between the early decisions, we are of the opinion that the case of Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, 801, not only sustains but requires the conclusion which we have reached in the case at bar. In 1917, the 35th Legislature attempted to amend the statutory law of this State as it had previously existed, by providing that rents and revenues of the wife's separate real property should be a part of her separate estate. In an exhaustive opinion with respect to the constitutionality of the attempted amendment, the Supreme Court held that the same was invalid because it was in violation of Art. XVI, § 15 of the Constitution, which prescribes the exclusive legal test "by which to determine when an acquest by the wife becomes a portion of the wife's separate estate." Although the case related directly to only such rents, revenues and income as might be derived during marriage from the wife's separate real property, we see no reason whatsoever why the holding in that case would not also be applicable to such income as might be derived during marriage from the wife's separate personal property. The purpose and effect of paying rent to a landlord is to compensate the landlord for the use of his land by the tenant. The purpose and effect of paying interest on a note to the lender of money is to compensate the lender for the use of his money by the borrower. If rents and revenues from land belonging to the wife constitute community property, then it appears to us that interest from promissory notes belonging to the wife must also be held to constitute community property.

In Cruse v. Archer, Tex.Civ.App., 153 S.W.2d 679, this court expressly held that interest which accrued during cover-

ture on notes constituting the wife's separate property did not become the separate property of the wife, but was the community property of herself and her husband. In support of our holding in that case, we cited Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, and Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512. Under the doctrine of *stare decisis* it is the duty of this court, as it is the duty of any appellate court, to let that stand which it has previously decided to be the law unless some clear, cogent and impelling reason requires that the prior decision be overruled.

The case of Arnold v. Leonard, supra, was decided in 1925. Since that time it has been cited and followed in many subsequent decisions. So far as we have been able to ascertain, the Supreme Court of this State has consistently and steadfastly adhered to the pronouncements and holdings contained in that case. In King v. Bruce, 1947, 145 Tex. 647, 201 S.W.2d 803, 171 A.L.R. 1328 certiorari denied 332 U.S. 769, 68 S.Ct. 82, 92 L.Ed. 355, rehearing denied 332 U.S. 820, 68 S.Ct. 151, 92 L.Ed. 396, the author of the opinion quoted copiously from the prior opinion in Arnold v. Leonard and again the Supreme Court held in effect that the Constitution of Texas provided the exclusive test by which to determine when an acquest by the wife becomes a portion of her separate estate. As a result of the holding in that case, Art. XVI, § 15 of the Constitution was amended in 1948 by the electorate of this State so as to extend the limits of what might become the separate property of the wife, but the limits of the amendment were not so extended as to include the accrued interest involved in this case.

Therefore, we hold that the trial court did not err in concluding that the interest which accrued during marriage on the unsecured demand notes owned by appellant prior to her marriage constituted the community income of appellant and appellee, and did not constitute any part of appellant's separate property as defined and limited by the Constitution and laws of Texas.

Both parties to this appeal say the court's division of the property involved in the suit was inequitable, appellant contending that appellee was awarded too much, and appellee contending, by cross-assignment of error, that he was awarded too little.

■ Art. 4638 of Vernon's Tex.Civ. Stats. provides as follows: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate." In construing this article of the statutes, the courts have held uniformly that the trial judge is vested with broad discretion in the exercise of the equitable powers vested in him to divide the estate of the parties in such a way as the court shall deem just and right. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, pts. 18–21 and authorities; Thompson v. Thompson, Tex.Civ.App., 238 S.W.2d 218, pts. 5–6 (er. dis.); Coody v. Coody, Tex.Civ.App., 240 S.W.2d 377; Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409 (mandamus overruled).

The evidence and stipulations of the parties relating to the estate belonging to them at the time their marriage was dissolved is voluminous and complicated, and we cannot do more in this opinion than to point out briefly some of the most significant facts relating to the transmutations through which prior receipts and disbursements of the estate passed. It was shown that the total amount of community income which the parties received from June 11, 1951 to September 4, 1954 was $231,514.56. Of this total amount the sum of $2,722.03 resulted from the efforts of appellee and the remaining sum of $228,852.53 was derived from interest payable on the Lone Star Company notes and the rents and revenues accruing from appellant's separate real property. Thus the total amount received during that time, including the community income and the separate income of appel-

lant from payments on the principal of the Lone Star Company's notes, was $681,-265.56. The funds so received were deposited from time to time in one or the other of two banks. From such receipts the sum of $160,098.07 was expended to purchase a 1,700 acre ranch in Ellis County and $105,-488.48 was expended in erecting improvements thereon. $70,571.70 was expended for livestock and equipment placed on the ranch, upon which there was an outstanding indebtedness at the time of trial in the sum of $10,961.46. The sum of $15,000 was expended for the purchase of corporate stock in Hickory House, Inc. Thus, the total amount invested in the purchase of property, less the outstanding indebtedness against it, was $340,196.79. Therefore, it appears that the parties spent for their living expenses, income taxes, the purchase of a Cadillac automobile and an aeroplane, the sum of $339,165.97, such heavy expenditures being due in part to the high cost of living and in part to the cost of high living.

Neither party to the suit was compelled by the decree of the court to divest herself or himself of the title to real estate. Appellee did not own any property at the time of the marriage and he did not thereafter acquire any property by gift, devise or descent. His occupation prior to his marriage was that of a painting contractor from which, according to his testimony, he earned from $8,000 to $10,000 per annum. He is in good health, about 30 years of age at this time and is physically able to return to the pursuit of his business of painting, if he desires to do so. On the other hand, appellant appears to be a hopeless cripple from polio, she being confined to a wheel chair, and due to her affliction she will doubtless be required to continue in the future to expend large sums for nurse hire and medical and hospital bills. Although only $2,652 in money was on hand at the time of trial, the Lone Star Company had withheld $62,574.82 of interest which had accrued on its notes during the existence of the marriage and this amount was available for division as community property.

The jury found on special issues that appellant loaned to appellee prior to their mar-

riage the sum of $500, but that she did not loan him any money after their marriage; that the Cadillac automobile was purchased with separate funds of appellant; that appellant did not make a gift to appellee of the Hickory House stock; that appellant was able to trace the use of her separate funds into the improvements on the ranch in the sum of $51,416.51, and also into livestock and equipment placed on the ranch in the sum of $44,795.57; and that the market value of the ranch had been enhanced as a result of community funds expended in its improvements in the sum of $23,360.

The trial court inserted in his decree dividing the estate of the parties, extensive findings of fact and the detailed considerations upon which his judgment was based. Therein, the court said: "Viewing the case as a whole on the law and the evidence, and in the light of the contentions of both parties, and in view of the foregoing findings of the jury, the stipulations made by the parties, the independent findings made herein and the singular and extra-ordinary facts and circumstances of the case, the Court concludes that a fair, just and equitable division of the property rights of the parties, pursuant to Article 4638 of the Revised Civil Statutes of Texas is as follows: (Then follows the award to each of the parties, the substance of which has been stated above in this opinion.)"

From the record before us, we cannot say the trial court abused the sound discretion vested in him under the law in ordering a division of the estate of the parties in the manner shown by the judgment appealed from.

Appellant alleged that appellee was estopped to assert a claim that rents and interest payments had been used to improve her ranch and to pay in part for the livestock and equipment. She asserts that the trial court erred in his rulings on the admissibility of testimony which she offered under this plea. Without setting forth the testimony offered or the rulings of the trial court with respect thereto, it must suffice to say that we do not think any reversible error is shown thereby.

Accordingly, all points of error presented by appellant, as well as the cross-assignment of error on the part of appellee, are overruled, and the judgment appealed from is affirmed.